## D. D. SUDDUTH v. J. P. DuBOSE.

Decided March 3, 1906.

**1.—Business Homestead—Mechanic's Lien—Renewal by Husband.**

The husband can not, without the consent of the wife, renew a note secured by a mechanic's lien on the business homestead, extending the time of the payment of the debt, and continuing in force said mechanic's lien as security for such renewal note.

**2.—Jurisdiction—Lien—Debt.**

The District Court had jurisdiction by reason of the suit being one to enforce a lien on real estate. The lien not being enforceable, it had power to retain jurisdiction for the purpose of rendering judgment on the debt.

Appeal from the District Court of Van Zandt County. Tried below before Hon. R. W. Simpson.

*Jno. S. Spinks* and *C. H. Reese,* for appellant.—There being no valid mechanic's lien upon the property in question and the amount of said note being less than five hundred dollars, the court was without jurisdiction to render the judgment herein. Tian v. Lloyd, 52 S. W. Rep., 982.

The court erred in overruling the defendant's first special exception to that portion of plaintiff's petition in which they pray for a fore-

closure of a mechanic's lien upon the premises described in plaintiff's petition because the lien sought to be foreclosed was barred by four years limitation when this suit was instituted, the same not having been renewed at the time the renewal note was executed. The premises being a homestead in order to create a lien upon it the wife must join the husband in the execution of same. Const., art. 16, sec. 50; Sayles' Rev. Stats., art. 3304.

The property sought to be subjected to said lien being unquestionably the business homestead of the defendants since before the execution of the lien in 1893—has continued to be so used and occupied by the defendants until this trial—the husband could not create a lien upon said homestead by the renewal of said note without being joined by the wife, although the money obtained by said renewal was used for the purpose of improving the homestead. 33 S. W. Rep., 1088.

A deed of trust can not be legally executed upon the homestead to secure a builder's lien, the mechanic's lien is the only lien that can be created to secure the builder or materialman. Sayles Rev. Stats., art. 3174. A contract under article 3174 should be signed and acknowledged by the wife. Kalamazoo Nat. Bank v. Johnson, 24 S. W. Rep., 350.

Where the husband and wife have joined in executing a lien on the homestead the husband can not waive the wife's rights or extend the lien by any act in which she does not join. San Antonio Real Estate, Building & Loan Ass'n v. Stewart et ux., 65 S. W. Rep., 665, and authorities there cited; Bunton v. Palm, 9 S. W. Rep., 182.

*John W. Davidson*, for appellee.—The District Court having acquired jurisdiction of the case by reason of its nature will retain jurisdiction although it should hold that in fact no lien existed even at the institution of the suit. Ablowich v. Greenville Nat. Bank, 67 S. W. Rep., 881; Bunton v. Archinard, 49 S. W. Rep., 684.

BOOKHOUT, Associate Justice.—This is a suit in the District Court of Van Zandt County, Texas, by appellee J. P. DuBose against appellant D. D. Sudduth, to recover judgment on a promissory note for the sum of $330, executed by defendant D. D. Sudduth on the 2d day of January, 1900, with 10 percent interest from date of note, which note was given by said defendant D. D. Sudduth in renewal of the balance due on the last of a series of three notes executed by defendant D. D. Sudduth and J. E. Francis on the 2d day of January, 1893, for $433.33 each, which said three notes were given by said Sudduth and Francis for money with which to purchase material and pay for labor, and with which they, D. D. Sudduth and J. E. Francis, did purchase material and pay for labor to erect a brick store house on the land described in plaintiff's petition. The property upon which the mechanic's lien was sought to be enforced, was the business homestead of the defendant D. D. Sudduth when the original notes and contract were executed, and when the note sued on was executed.

A trial resulted in a judgment for plaintiff for his debt and foreclosing the mechanic's lien. Defendant D. D. Sudduth only perfected an appeal.

*Opinion.*—On the 2d day of January, 1893, Francis & Sudduth, a firm composed of J. E. Francis and D. D. Sudduth, joined by D. S. Sudduth, wife of D. D. Sudduth, executed to Tom Clark a mechanic's lien on a certain lot in the town of Canton, Texas. The property was at the time the business homestead of D. D. Sudduth. The mechanic's lien secured a series of three notes, each for $433.33, executed by said firm of Francis & Sudduth, for labor and material for the erection of a brick store house on the said lot. Thereafter D. D. Sudduth assumed all the liability of J. E. Francis upon said note and lien. Two of said notes had been paid, leaving due on the third the sum of $330, and the same being about to become barred by the statute of limitations D. D. Sudduth, at the request of Clark, executed a new note for said amount, extending the time of the payment of the debt.

Clark, for a valuable consideration, transferred said renewal note to appellee, who brought suit thereon, setting up the mechanic's lien, and prayed judgment for the amount of the note and a foreclosure of the lien.

The first question presented is, can the husband, without the consent of his wife, renew a note secured by a mechanic's lien on the business homestead, extending the time of the payment of the debt and continue in force said mechanic's lien as security for such renewal note? This question was considered by the Court of Civil Appeals for the Fourth District on a state of facts quite similar to those above set out, and it was there held that the husband did not have such authority. (San Antonio Real Estate and Building Loan Ass'n v. Stewart, 65 S. W. Rep., 665.) A writ of error was denied by the Supreme Court. It is true, in the case cited, the wife was a party to the note, and the note was barred by limitation when the husband executed the renewal. We do not see that the fact that she was a party to the note makes any difference, for, being a married woman, she was not bound for the debt by such signing. Nor does the fact that the bar of the statute was complete in the Stewart case, while in this case the original debt was about to become barred, make the holding in that case inapplicable. If he has not the right to revive a barred debt, he would not have the right to prevent the bar of the statute in the first instance. The opinion in the Stewart case bases the ruling upon the fact that the same formalities are required to place an incumbrance on the homestead as on the wife's separate property, and the husband has no more power to incumber the one than he has the other. It is clear that when the wife has given a mortgage upon her separate property to secure a community debt, there can be no renewal of the debt or extension of time for its payment by the husband alone that would be binding on the wife. (Wofford v. Unger, 55 Texas, 480; Angel v. Miller, 16 Texas Civ. App., 679.) The wife, not being bound on the note, the homestead merely became a surety for the debt, and it would be discharged from liability for the debt under the same acts that would discharge an individual surety. A surety is bound by the terms of the contract, and his liability can not be extended beyond it. If the contract be altered without his consent, whether he sustains injury, or the contract be to his advantage, it ceased to be his contract, and with that his obligation ceases. (Durrell v. Farwell, 88 Texas, 107; Angel v. Miller, supra.)

Under the facts shown, D. D. Sudduth did not have the power to renew the debt against his business homestead and extend the time of its payment so as to continue it a charge against such homestead. It follows that the trial court erred in foreclosing the mechanic's lien upon the homestead.

It is contended that as the lien on the homestead was not enforceable the trial court should have so held, and as the debt sued on was less than five hundred dollars, an amount not within its jurisdiction, the District Court should have dismissed the cause. The same contention was made in the motion for rehearing in the case of Ablowich v. National Bank, 95 Texas, 433. The court in that case cites with approval an excerpt from the opinion in the case of Hoffman v. Cleburne B. & L. Ass'n, 85 Texas, 410, that "the jurisdiction of the court can not be defeated when the case stated in the petition is within its jurisdiction, unless it is made to appear that the allegations upon which the jurisdiction depends were fraudulently inserted in the petition for the purpose of conferring the jurisdiction." There is no contention in this case that the allegations upon which the District Court was authorized to take jurisdiction were fraudulent. The District Court had jurisdiction by reason of the suit being one to enforce a lien on real estate. The lien not being enforceable, it had the power to retain jurisdiction for the purpose of rendering judgment on the debt. The judgment foreclosing the mechanic's lien in this case is reversed, and as to said lien judgment is rendered for appellant. The judgment for the debt is affirmed.

*Affirmed in part and reversed and rendered in part.*