## MINOR v. LONDON GUARANTEE & ACCIDENT CO., Limited. (No. 2373.) *

(Court of Civil Appeals of Texas. Amarillo. Nov. 26, 1924. Rehearing Denied Jan. 7, 1925.)

1. Appeal and error ⚖➡854(1)—General judgment, not stating grounds thereof, sustained if it can rest on any ground supported by evidence.

Where case is tried before court without jury, and court renders general judgment, not stating grounds for rendition, such judgment must be sustained if it can rest on any ground that is supported by the evidence.

2. Appeal and error ⚖➡931(3) — Trial court presumed to have found every fact fairly deducible from evidence necessary to rendition of judgment.

In trial before court without a jury, it will be presumed in order to support judgment that court found every fact fairly deducible from the evidence necessary to judgment's rendition.

3. Master and servant ⚖➡416½, New, vol. 11A Key-No. Series—Proceedings to enforce award dependent on refusal to pay installments.

To sustain plaintiff's cause of action seeking enforcement of award of Industrial Accident Board in lump sum, it must appear that there was a failure or refusal without justifiable cause on part of defendant to pay weekly installments of award, which condition must have existed at time of filing suit.

4. Master and servant ⚖➡416½, New, vol. 11A Key-No. Series—Proceedings to enforce award of Accident Board requires trial de novo.

Proceedings to enforce award of Industrial Accident Board is an assertion of an independ-

---

*Writ of error granted February 25, 1925.

ent cause of action, and not an appeal from judgment of an inferior court, and requires a trial de novo.

**5. Master and servant ⬤➡416½, New, vol. 11A Key-No. Series—Court held to have jurisdiction of question of lump sum settlement in action to enforce award, though not before Accident Board.**

District court, having jurisdiction of plaintiff's cause of action to enforce an award of Industrial Accident Board under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45, had jurisdiction of plaintiff's cause of action seeking a lump sum settlement of such award, by virtue of its general jurisdiction under the Constitution, though such question was not before Industrial Accident Board, and plaintiff did not appeal from its decision, Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, placing no limitation on such jurisdiction.

**6. Master and servant ⬤➡416½, New, vol. 11A Key-No. Series—Compensation Act held not to limit court's jurisdiction of question of lump sum settlement.**

Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44 providing for appeal by parties who do not desire to abide by ruling of Industrial Accident Board, places no limitation on jurisdiction of court in which suit is brought to determine question of lump sum settlement, where it had not been given by Industrial Accident Board.

**7. Master and servant ⬤➡416½, New, vol. 11A Key-No. Series—Jurisdiction held to continue, even though court decided plaintiff was not entitled to enforce award.**

Trial court having acquired jurisdiction to determine whether or not plaintiff was entitled to judgment for enforcement of award of Industrial Accident Board, such jurisdiction extended and continued, even though court decided that plaintiff was not entitled to enforce the award.

**8. Master and servant ⬤➡416½, New, vol. 11A Key-No. Series—Jurisdiction of court in suit to enforce award of Accident Board not defeated by joining of two distinct causes of action between same parties.**

Jurisdiction of district court of plaintiff's suit for penalties and for enforcement of award of Industrial Accident Board, and which extended to and included his cause of action for a lump sum settlement which was pleaded in the alternative, was not defeated by joining of such distinct causes of action between same parties, where they were distinctly pleaded in separate paragraphs.

Appeal from District Court, Lynn County; Clark M. Mullican, Judge.

Suit by H. R. Minor against the London Guarantee & Accident Company, Limited. From an adverse judgment, plaintiff appeals. Affirmed in part, and reversed and remanded in part.

Vickers & Campbell, of Lubbock, for appellant.

Wilson & Douglas, of Lubbock, and Thomas, Frank, Milam & Touchstone, of Dallas, for appellee.

RANDOLPH, J. The appellant instituted this suit in the district court of Lynn county against appellee as defendant. Plaintiff's petition, leaving out the introductory portions, is set out in hæc verba for the reason that by so doing the full legal import of its language can be better had than in an attempt to state same, to wit: [We do not copy the judgment of the Accident Board.]

"In this connection, he says that the surviving sister of said Raymond Minor was not dependent upon the earnings and labor of her said brother, and, besides, said sister has assigned and waived her claim for compensation, as hereinafter prayed for, in favor of this plaintiff. No other brothers or sisters survive the deceased, and the mother of said deceased had departed this life before he did. As aforesaid, the defendant is a corporation, doing business in the state of Texas, under and by virtue of its laws with its principal office in the state of Texas, at 1536 Kirby Building, Dallas, in Dallas county, Tex.

"(2) At the times hereinafter mentioned, it was lawfully transacting a liability and accident insurance business in the state of Texas, and as such insured the liability of H. F. Friestedt Company, an employer of labor, in Eastland county, Tex., under the terms and provisions of the Workman's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), which employer had complied with the terms and provisions of said law, and of article 5246—84, whereof said defendant became liable to the employees of said employer, and who might receive an injury in the course of their employment with said employer, or to the beneficiary of an employee, who might be killed in the course of his employment with said employer.

"(3) Heretofore, on and prior to June 29, 1923, said Raymond Minor was in the employ of said employer, at and near the town of Cisco, in Eastland county, Tex., and as such, on or about the said date, in the course of his employment, received an accidental injury, and died from the effects thereof, on or about the 7th day of July, 1923. Said employer had notice of the accident, injury, and death of said Raymond Minor, and likewise did the defendant have notice thereof, as required by law in such cases made and provided, and in pursuance of the terms and provisions of the Workman's Compensation Law of the state of Texas, the employer filed his report of the accident, injury, and death, and the plaintiff as the sole and exclusive legal beneficiary of said Raymond Minor after his death filed his claim for compensation with the Industrial Accident Board, of the state of Texas, under the terms and provisions of said Compensation Law. Thereupon, said cause was set down for hearing by the Board, at Austin, Tex., and the plaintiff and the defendant, as well as the employer, had notice thereof, and thereupon all of said parties before said Board presented all of the questions involved to the Board for its finding and determination, and on the 25th day of October, 1923, said Board, after

hearing the evidence adduced, and considering the merits of the case, entered its findings and decree in words and figures as follows: [Judgment of Board.]

"(4) Whereof, by virtue of said decree or award of the Board the defendant became liable and bound to pay the plaintiff the compensation as therein provided, aggregating the sum of $7,200.

"(5) But plaintiff shows that, notwithstanding his said judgment against the defendant, as decreed by the Industrial Accident Board of the state of Texas, it has failed and refused to pay the same or any part thereof, without justifiable excuse. That it failed to pay the same or any part thereof for more than 30 days after said judgment of the Board, and had wholly failed and refused to pay any part thereof when he filed this suit on November 30, 1923. By reason of its failure and refusal to pay the compensation adjudged without justifiable cause, it became liable to a penalty of 12 per cent. of the aggregate amount of the judgment in the sum of $7,200, which penalty amounts to the sum of $864. It also became liable under the law, for a reasonable attorney's fee, which plaintiff alleged is the sum of 25 per cent., or $1,800. In addition to the penalty and attorney's fee, said $7,200 should bear interest at the rate of 6 per cent. per annum from June 29, 1923, the date of this judgment, and by reason of the defendant's failure and refusal to abide by the judgment of said Industrial Accident Board, and this without justifiable cause, but done for the purpose of injuring the plaintiff, such conduct on its part, knowing the privilege of the plaintiff of declaring the whole amount of the installments matured, and to be paid in a lump sum, and he should have the principal of $7,200, plus the penalty of $864, plus the reasonable attorney's fee of $1,800, together with 6 per cent. interest on the principal of said debt from June 29, 1923, until paid.

"(6) In the alternative, and in addition to his right to declare all of said weekly payments accrued and matured, and to collect them in a lump sum, he says he is entitled to have the installments accrued and matured to be paid in a lump sum, and not in weekly payments, for the reason that, if it is not so paid to him in a lump sum, manifest injury and injustice will result to him. In this connection, he shows that the weekly payments would not specially benefit him like payment in a lump sum would benefit, for the reason he now has obligations on his land and home in Lynn county, Tex., aggregating a little more than $4,000, and which is now due and owing, that he does not have the money to pay his said obligations to save his land. His indebtedness on the said lands have been declared due and were declared due and owing for more than 12 months ago. If said indebtedness is not paid, the liens will be foreclosed, and plaintiff thus lose his land, or else suffer irreparable injury in the way of court costs and attorney's fees, and other incidental expenses to float additional loans thereon. He would further represent in this connection that he is a farmer by occupation, and that he needs money to make needed improvements and repairs on said farm, and likewise to better equip himself for farming it. That manifest injury and injustice will result to him if same is not paid in a lump sum.

"(7) He would show in this connection that this court has power, jurisdiction, and discretion to declare said compensation payable in a lump sum in any event. And that it is discretionary with the court where a lump sum is decreed, as to the discount, if any, that will be allowed. But plaintiff says that no discount under the facts in this case should be allowed. However, if a discount should be allowed, he shows that 5 per cent. discount is the rule adopted by the Industrial Accident Board, and by the courts, and in event the discount is allowed it will amount to the sum of $1,015.20, leaving a net amount of the principal due the plaintiff by the defendant in the sum of $6,184.80. This net amount, with 6 per cent. interest thereon from June 29, 1923, amount of interest $279 to this date, makes a total now due of $6,463, including the principal and interest. He further shows that 40 installments at $20 each are now matured, making a total of the installments matured of $800, and, by reason of the refusal and nonpayment of said installments on the part of the defendant, he is entitled to 12 per cent. penalty thereon, or a penalty in the sum of $96, making a total of principal, interest, and penalty now due to the date of filing this amended petition, the sum of $6,559.80.

"(8) In addition to this amount, the defendant, by reason of the foregoing allegations, became liable to this plaintiff for a reasonable attorney's fee. He shows in this connection that it was necessary for him to employ attorneys to prosecute this suit, because of the refusal and nonpayment on the part of the defendant to pay said installments. That he is obligated to pay his attorneys the sum of 25 per cent. of the amount he shall recover, and that this fee is reasonable, and a proper charge. The law provides in such cases for an allowance of a reasonable attorney's fee, 25 per cent. of the principal of the amount he is entitled to recover and should recover, is the sum of $1,800, and, in addition to the debt he should recover of the defendant as aforesaid, he prays for the further sum of $1,800 attorney's fees, or in any event that the court permit him to recover a reasonable attorney's fee commensurate with the magnitude of the case, the amount involved, and the issues involved.

"Wherefore premises considered, he prays on final hearing for judgment against the defendant for his damages in the sum of $7,200, plus 12 per cent. thereof as a penalty, and with legal interest thereon from June 29, 1923, and in addition thereto a reasonable attorney's fee of $1,800, and that the judgment and award of the Industrial Accident Board be in all things affirmed and sustained. and that such amount of money be decreed payable in a lump sum, for all costs of suit, and any other relief he may show himself entitled under the facts in this case.

"In the alternative he prays on final hearing for judgment in the principal sum of $6,184.80, being the net amount after allowing the discount of 5 per cent. plus 6 per cent. legal interest thereon from June 29, 1923, total principal and interest to date of filing this petition $6,463.80, and plus the 12 per cent. penalty on the installments now accrued, which penalty is $96, making a total of principal, interest, and penalty now due $6,559.80, and in addition thereto his reasonable attorney's fee in the sum of $1,800, making a grand total now due and owing of $8,359.80, for which amount he prays judgment

and for all costs and any other relief he may show himself entitled under the facts in the case."

Appellee excepted generally and specially to those parts of the petition setting up the manifest hardships and injustice of the weekly compensation award, also specially excepted to same where plaintiff seeks a lump sum judgment, upon the ground that, since the defendant did not appeal from the award of the board giving him weekly compensation, he was not entitled to recover a lump sum judgment, except for the matured installments, and, further, specially excepted to same because plaintiff failed to allege any demand for payment by plaintiff upon defendant prior to the filing of the suit, and the refusal of defendant to make such payment, and, after general denial, defendant specially answered that it had never refused to carry out the award of the Board, and had been at all times ready, able, and willing to do so, that because of a slight delay in its offices in the preparation and sending out of the drafts to plaintiff, the latter had hurriedly employed attorneys to file this suit, and had thereafter refused to accept the compensation due him, although informed many times that defendant was willing to pay same to him. Defendant then specially pleads a tender of $734.40 as compensation to plaintiff from the date of the award by the Board to the time of trial, together with 6 per cent. interest.

The trial court rendered judgment for plaintiff for the sum of $374.40 as tendered, but also rendered judgment for costs of court against him, and denied him a lump sum judgment from which he has appealed to this court.

We will not attempt the consideration of appellant's assignments of error and propositions in the order in which they come, as the discussion by us of the controlling questions in the case will determine the questions presented in each of the propositions.

Appellee takes the position that, as the Industrial Accident Board did not award a lump sum settlement, and, as that question was not before the Board, and as the plaintiff did not appeal from that award, the district court of Lynn county is without jurisdiction to hear and determine plaintiff's prayer for a lump sum judgment. It appears from the record that the question of a lump sum settlement was not presented to the Accident Board, and also that neither party appealed from the award so made by the Board.

Article 5246—45 of Vernon's Civil Statutes, 1918 Supplement, is as follows:

"In all cases where the board shall make a final order, ruling or decision as provided in the foregoing section 5 (art. 5246—44) hereof, and against the association, and the association shall fail and refuse to obey or comply with the same and shall fail or refuse to bring suit to set the same aside as in said section 5 is provided, then in that event, the claimant in addition to the rights and remedies given him and the board in said section 5 may bring suit in some court of competent jurisdiction where the injury occurred, upon said order, ruling or decision, and if he secures a judgment in said court sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent. as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim.

"It is further provided that where the Board has made an award against an association requiring the payment to an injured employé or his beneficiaries of any weekly or monthly payments, under the terms of this act, and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employé or his beneficiaries, in case of his death, shall have the right to mature the entire claim and to institute suit thereon in any court of competent jurisdiction where the injury occurred to collect the full amount thereof, together with twelve per cent. penalties and attorney's fees, as provided for in the foregoing paragraph of this section. Suit may be brought under the provisions of this section of the act, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit. Act March 28, 1917, c. 103, pt. 2, § 5a."

Plaintiffs brought this suit, first, to mature the award of the Industrial Accident Board for interest, penalty, and attorney's fees; and, second, in the alternative to recover a lump sum settlement of the award.

The trial court sustained defendant's exceptions, and struck out the allegations in the petition which asserted, in the alternative, a right to recover a lump sum settlement, on the ground that plaintiff was not entitled to such settlement, and could only recover according to the terms of the award of the Board giving him weekly compensation, from which award he did not appeal.

Trial was had upon plaintiff's allegations that the defendant had failed and refused to pay the weekly compensation awards, without justifiable cause, and judgment was rendered by the trial court against plaintiff upon his claim of right to mature the whole of the award.

[1, 2] The trial court rendered a general judgment, and no findings of fact or conclusions of law were filed by him, and no request for the filing of same is shown. Hence we cannot tell upon what grounds the court rendered such judgment. On the question of whether or not there was a justifiable cause for such failure and refusal to pay, the trial court's judgment is supported by the evidence, and we have no authority to set aside this general finding, or to find that his judgment was not based upon a conclusion reach-

ed by him, which was authorized by the evidence. Where a case is tried before the court without a jury, and the court renders a general judgment, not stating the ground or grounds for its rendition, such judgment must be sustained, if it can rest upon any ground that is supported by the evidence. Railway Co. v. Kropp (Tex. Civ. App.) 91 S. W. 819. In a trial before the court without a jury, it will be presumed, in order to support the judgment, that the trial court found every fact fairly deductible from the evidence necessary to its rendition. Reed v. Brewer, 90 Tex. 148, 37 S. W. 418.

[3] In order to sustain the plaintiff's cause of action seeking the enforcement of the award of the Accident Board, it must appear from the evidence that there was a failure or refusal, without justifiable cause, on the part of defendant to pay the weekly installments of the award, and certainly this condition must have existed at the time of the filing of the suit. The mere fact that the weekly payments had not been made for two weeks after the 20 days allowed for notice that the defendant did not abide the award is the only evidence that is in the record to establish such failure or refusal of the defendant to make such payments, and the trial court could well have based his judgment on the insufficiency of the evidence to establish such failure or refusal to be "without justifiable cause."

By proper assignments and propositions, appellant presents the contention that, under the facts in evidence, and under the pleadings, the trial court had jurisdiction to hear and determine his right to a lump sum settlement.

[4, 5] The proceeding here instituted is not an appeal from the judgment of an inferior court, but is an independent proceeding requiring a trial de novo. Lumbermen's Reciprocal Association v. Behnken (Tex. Civ. App.) 226 S. W. 154. This being true, and the statute providing that suit may be filed in the district court by a party dissatisfied with the award of the Board, and who refuses to abide by it, there is no provision limiting the jurisdiction of the district court, and that court, having jurisdiction to determine the matter especially complained of, acquires jurisdiction in this case to herein determine plaintiff's pleading and cause of action seeking a lump sum settlement.

Appellee's contention is, also, that the cases holding that a lump sum settlement can be considered by the trial court, regardless of whether or not such question was considered by the Accident Board, applies only to cases appealed from the ruling of that Board. The Industrial Accident Board is not a court, and the filing of a suit in the district court is not an appeal from an inferior court, but is the assertion of an independent cause of action, which requires a trial de novo. Lumbermen's Reciprocal Association v. Behnken, supra.

[6] Article 5246—44, Vernon's Civil Statutes, 1918 Supplement, providing for appeal by the parties who do not desire to abide the ruling of the Accident Board, and who are authorized to bring suit, is:

"That whenever such suit is brought, the rights and liabilities of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employé or person suing on account of the death of such employé shall be against the association if the employer of such injured or deceased employé at the time of such injury or death was a subscriber as defined in this act. * * *"

The act does not place any limitation upon the jurisdiction of the court in which such suit is brought to determine the questions of lump sum settlement where it had not been given by the Accident Board, and it had such jurisdiction, not by virtue of the provisions of the statute, but by virtue of the general jurisdiction with which it was vested under the Constitution of the state, and by virtue of the fact that, having acquired jurisdiction of the case, it had jurisdiction to determine all issues between the parties.

In an action seeking an injunction to restrain the levy of an execution issued out of the county court, the Supreme Court holds, in the case of Pardue v. James, 74 Tex. 304, 12 S. W. 3:

"Appellant's idea seems to be that the case must be tried solely upon the issues made in the bill for injunction. This is not correct. The court, having acquired jurisdiction of the cause, would proceed to do full equity between the parties. It would hear and determine the whole case."

In a suit by an administrator de bonis non against a former administrator and the sureties on his bond to recover certain sums of money and notes, and rents for land, the property of decedent's estate, the defendants filed a general denial, and set forth an itemized statement of various sums paid by the former administrator, and also certain sums he had advanced to the heirs, for which he claimed credit. Special exceptions were urged to the answer, alleging advancements and payments to said heirs and distributees on the ground that they were not parties to the suit, and could not be concluded by the judgment, and because the probate court had original jurisdiction to determine what persons were entitled to a distributive share of said estate. These exceptions were sustained. On rehearing before the Supreme Court, that court held that there was error in the trial court sustaining such exceptions. That, the district court having jurisdiction of the questions, this jurisdiction was coextensive with any question or issue necessary or proper to be ascertained upon a final settlement between the parties of the subject-matter. Oglesby v. Forman, 77 Tex. 647, 14 S. W. 244.

The Supreme Court has also held in Cham-

.bers & Thigpen v. Cannon, 62 Tex. 294, that, where the district court had obtained jurisdiction of the cause in the issuance of an injunction, it was authorized to take cognizance of it for all the purposes of the suit, and that it is a well-recognized principle in courts of equity, that, having acquired jurisdiction of the cause, the full merits of the controversy as presented by either party will be adjudicated.

The rule is laid down in Eckford et ux. v. Knox, 67 Tex. 205, 2 S. W. 374, that:

"The district court had before it the entire affairs of the ward's estate for adjudication so far as to determine what were the amounts of the property to which he was entitled, and, whilst it had no original jurisdiction to pass upon the guardian's accounts, it was authorized to do so. where this was proper in order to ascertain the amount of the property to which the ward was entitled. It is the policy of our law to settle in one suit the interests and rights of all parties in the subject-matter of litigation, leaving as little room as possible for multiplicity of actions. * * * The district court, having obtained jurisdiction of a cause, had cognizance of it for all purposes of the suit, and the full merits of the controversy could be settled by it between all the parties."

The district court, having acquired jurisdiction of a cause originally cognizable before a justice of the peace, will retain it to adjudicate all the matters in controversy as presented by either party. Willis v. Gordon, 22 Tex. 241.

[7] The trial court had jurisdiction to try and determine the issues as to whether or not the plaintiff was entitled to judgment for the enforcement of the award, and, having acquired such jurisdiction, that jurisdiction extended and continued, even though the court decided that plaintiff was not entitled to enforce the award.

The Court of Civil Appeals, in the case of Sudduth v. Du Bose, 42 Tex. Civ. App. 226, 93 S. W. 235, where the amount sought to be recovered was below the jurisdiction of the district court, held that, where the foreclosure of a lien which was unenforceable was sought, the district court retained jurisdiction to render a personal judgment for the money claim, notwithstanding the trial court refused to foreclose the lien. See, also, Ablowich v. Greenville National Bank, 95 Tex. 429, 67 S. W. 79, 881.

[8] The plaintiff having filed his suit for penalties and for the enforcement of the award, the jurisdiction of the district court

267 S.W.—65

extended to and included his cause of action for a lump sum settlement, which was pleaded in the alternative, and such method of joining two distinct causes of action between the same parties did not defeat the jurisdiction of the trial court. The causes of action were distinctly pleaded in separate paragraphs. Railway Co. v. Heard (Tex. Civ. App.) 91 S. W. 371, 372 (writ denied); Stewart & Co. v. Gordon, 65 Tex. 344-347.

Appellee takes the position that this suit of plaintiff asking for a lump sum settlement is an effort to set aside the award of the Industrial Accident Board. On the contrary, it appears to us that in order to sustain his plea for a lump sum settlement, plaintiff must recognize the award, and does do so. However, the following authorities hold that a lump sum settlement may be sought in the district court, even though that question was not raised or considered by the board. Miller's Indemnity Underwriters v. Hughes (Tex. Civ. App.) 256 S. W. 334; Insurance Association v. Downing (Tex. Civ. App.) 218 S. W. 112; Millers' Indemnity Underwriters v. Green (Tex. Civ. App.) 237 S. W. 979; Insurance Co. v. Saxon (Tex. Civ. App.) 250 S. W. 447; Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402.

The Supreme Court in the Behnken Case, supra, speaking through Justice Greenwood, in a case where the claimant was asserting his right to a lump sum judgment in the district court, laid down the rule that:

"After the claim of defendants in error was denied by the Industrial Accident Board, the district court had jurisdiction to determine all issues between the parties, regardless of whether defendants in error's right to lump sum compensation had been asserted before the Board."

There can be no presumption, in face of the record, that the trial court decided adversely to plaintiff, upon the evidence in the case, and rejected his plea for a lump sum settlement, the record absolutely showing that the court eliminated the pleading authorizing such a finding.

We therefore hold that, as to the plaintiff's cause of action seeking to enforce the Industrial Accident Board's award, and for penalties, interest, and attorney's fees, the trial court's judgment must stand, and that, as to plaintiff's cause of action seeking lump sum settlement, the judgment of the trial court is reversed, and here remanded.