**BOYD v. MARA et al.   (No. 2610.)**

(Court of Civil Appeals of Texas. Amarillo. May 19, 1926.)

**1. Courts ⬥169(2)—Jurisdiction acquired by county court in distress proceedings held not defeated when value of property seized subsequently proved to be more than $1,000 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5481, 5482).**

Jurisdiction of county court in distress proceedings, acquired when amount in controversy stated in application for warrant and estimated value of property seized, as fixed by sheriff under Vernon's Sayles' Ann. Civ. St. 1914, arts.

5481, 5482, was less than $1,000, held not defeated when value of property, subsequently proved to be more than $1,000, though such fact would have prevented jurisdiction from attaching in first instance, where it was not shown that amount in controversy had been fraudulently stated by plaintiff.

**2. Courts ⬥488(3)—Error of county judge in transferring distress proceedings to district court under erroneous impression held not to divest county court of jurisdiction once acquired.**

Error of county judge in concluding that value of tenant's crop as subsequently ascertained deprived him of jurisdiction in distress proceedings and his order transferring case to district court, made under such erroneous impression, held not to divest county court of jurisdiction once acquired.

Appeal from District Court, Crosby County; Clark M. Mullican, Judge.

Action by J. L. Boyd against T. D. Mara and others. From an order striking the case from docket in district court, after transfer from county court, plaintiff appeals. Affirmed and remanded, with instructions.

A. W. Gibson, of Lamesa, and L. A. Wicks, of Ralls, for appellant.
W. P. Walker and W. P. Jones, both of Crosbyton, for appellees.

HALL, C. J. J. L. Boyd, as landlord, instituted distress proceedings in the justice court of precinct No. 1 of Crosby county on October 21, 1923, against his tenant, T D. Mara, and caused citation to be issued and served on the same day upon the defendant. The distress warrant was also issued upon that day and returned 21 days later by the sheriff of Crosby county, showing that he had taken into possession under the warrant two bales of cotton and also a growing cotton crop which had been raised by the tenant, Mara, upon the plaintiff's farm. The return further shows that he had estimated the value of the cotton crop at $880. The affidavit for distress warrant states that Mara is indebted to the plaintiff to the extent of one-half of all the cotton and cotton seed raised upon the land described during that rental year, which half interest exceeds $200 in value, and is less than $1,000, including the two bales already harvested and ginned; that Mara has abandoned the leased premises without the consent of plaintiff and without paying any rent due thereon.

No question is raised with reference to the regularity and sufficiency of the distress proceedings. The sheriff's return further shows that on October 9, 1923, Mara filed with him, as sheriff, a replevy bond with J. W. Carter and John K. Fullingim thereon as sureties, and the citation and distress warrant are both made returnable to the county court of Crosby county.

Subsequently, on October 22d, plaintiff, as provided by statute, filed his original petition in the county court, the sufficiency of which is in no way questioned by the record, alleging that the values fixed in the application could not at that time be ascertained accurately by reason of the fact that the crop had not then been gathered, but was still a growing and maturing crop, and, for these reasons, the sheriff had also estimated the value of the crop at $880. He prayed for judgment against the appellee and his sureties on the replevy bond for the full value of his half interest in the crop, for foreclosure of his lien, costs, and general relief.

On February 11, 1924, the plaintiff filed his motion in the county court, praying that the cause be transferred to the district court of Crosby county, alleging that the value of the property was in excess of $1,000, exclusive of interest, and that the values stated by him in his original proceedings had been found to be erroneous. The court granted the motion, and on February 14th ordered the clerk of the county court to transmit all papers and make a transfer of the case to the district court. The case as transferred was filed in the district court on April 16, 1924. Plaintiff then filed his amended petition in the district court, making one Smith a party defendant, whom he alleged had converted part of the cotton mentioned in the officer's return on the warrant. Citation was duly issued and served, based upon the amended petition.

At the June term, 1925, of the district court, motion was made to quash the distress warrant upon the alleged ground that it was void in so far as the district court was concerned, because the justice of the peace did not make the writ and citation returnable to the district court. Upon a hearing of this motion the district judge concluded that the district court had no jurisdiction of the case, and ordered that it be stricken from the docket. This appeal is prosecuted from that order.

[1, 2] As shown by the original proceedings in the justice court, the value of the property, and the amount in controversy as stated in the application for the warrant, and the estimated value of the property as fixed by the sheriff, under V. S. C. S. arts. 5481 and 5482, the county court had jurisdiction to try the case. It was not shown that the amount in controversy had been fraudulently stated by the plaintiff, and the rule is that jurisdiction once acquired is not defeated by subsequent acts, facts, or events, though they are of such a character as would have prevented jurisdiction from attaching in the first instance. An error on the part of the county judge in concluding that the value of the crop, as subsequently ascertained, deprived him of jurisdiction, and his order transferring the case, made under such erroneous impression, would not divest the county court of jurisdiction once acquired. 15 C. J. 822–824, and note 67, subds. 15–23; Earl v. Baker (Tex. Civ. App.) 184 S. W. 297; Waters-Pierce Oil Co. v. State, 47 Tex. Civ. App. 162, 103 S. W. 836; Sudduth v. Du Bose, 42 Tex. Civ. App. 226, 93 S. W. 235; Isbell et al. v. Kenyon-Warner Dredging Co., 113 Tex. 528, 261 S. W. 762.

The decision of the Commission of Appeals in the Isbell Case is an answer to a certified question from the Court of Civil Appeals, and announces the general rule above set out; that the fact that the rents due plaintiff subsequently proved to be more than originally alleged did not defeat the jurisdiction of the county court once acquired; and, as applicable to this case, it is further held that the plaintiff may, in the county court, amend his original petition and sue for the full amount due him, even though it has been subsequently found to amount to more than $1,000; and that the county court may render a judgment for the full sum claimed. It further holds, in effect, that judgment may be rendered against the principal and the sureties on the replevy bond for the full sum due as shown by the amended petition. These questions are fully discussed in the Isbell Case, and numerous cases cited sustaining the doctrines there announced.

The result of our holding is that the order of the district court dismissing the case must be affirmed, and the clerk of the district court is directed to forthwith transmit the original papers to the clerk of the county court of Crosby county, where the case will stand upon the docket of the county court for trial upon the merits and upon such amended pleadings as may be hereafter filed.

Affirmed and remanded, with instructions.