## MEWHINNEY MERCANTILE CO. v. GOODNIGHT.

### No. 8909.

Court of Civil Appeals of Texas. Austin.
Dec. 13, 1939.

Stanton Allen, of Bartlett, for appellant.

Martin M. White, of Belton, for appellee.

BLAIR, Justice.

This is a suit for the trial of the right of certain personal property, between appellant, Mewhinney Mercantile Company, and appellee, Elmer Goodnight, as independent executor of the estate of Henry Goodnight, deceased. The litigation arose as follows: On May 17, 1938, appellant company obtained a judgment against Owen Goodnight, a brother of appellee, Elmer Goodnight, the executor, for $1,099.-56; and on October 7, 1938, caused an execution to be issued and levied upon the personal property in controversy, which was some farm stock. Prior to the levy of the execution, Owen Goodnight had, on October 1, 1938, executed and delivered a bill of sale to the property to Elmer Goodnight as said executor, in consideration of a credit of $300 on a note for the sum of $843, executed by Owen Goodnight and

owned and held by the estate of Henry Goodnight, deceased, which note was then past due. On October 13, 1938, appellee, Elmer Goodnight, as said executor, filed with the Sheriff his oath and bond, and the Sheriff turned the property over to him. Appellant company alleged that Owen Goodnight executed the bill of sale to appellee executor for the purpose of hindering, delaying, and defrauding his creditors, and particularly appellant. This appellee denied and, on the trial to the court without a jury, judgment was rendered for appellee executor; hence this appeal.

Appellant presents six assignments of error which it. briefs under one proposition, as follows: "The conveyance of the property in controversy by Owen Goodnight to Elmer Goodnight, Executor, was void because it was made by Owen Goodnight for the purpose of defrauding his creditors, and it was not made for a valuable consideration."

 The conveyance to the executor in consideration of crediting Owen .Goodnight's note due the estate with the sum of $300, constituted a valuable consideration for the conveyance. There is nothing to show that Owen Goodnight was not justly indebted to the estate for the amount due on the past due note of $843; and he had the legal right to pay such indebtedness out of any property or money which he might possess; and the selection of one creditor was not in fraud of any other creditor not holding a lien against the same property. It was the duty of Elmer Goodnight, as executor of the estate, to take charge of the assets of the estate, including the notes due the estate, and to collect them. Nor is the fact that Owen Goodnight conveyed the only non-exempt property he had in settlement of this debt any evidence of fraud of the rights of other creditors not having a lien. The rule of law controlling this question is stated in Vol. 20 Tex.Jur. 422, par. 65, as follows: "It is an elementary principle, reiterated in a multitude of cases, that in the absence of a law declaring preferences invalid every debtor, though insolvent, has the legal right to pay one or more of his just debts with any money or property he has, although the effect of the transaction may be to delay other creditors and to withdraw from their reach property which they might otherwise subject to the payment of their debts. This right is contingent, of course, upon the debtor conveying no more property than is reasonably sufficient to satisfy the debt, and upon the transaction being bona fide and not merely colorable."

 The same authority, on p. 431, par. 73, further states the rule as follows: "Just as a debtor has the right to prefer one or more of his creditors, every creditor may properly receive payment under a preference lawfully made, although property is thereby withdrawn from the reach of other creditors which might otherwise be subject to the payment of their debts. For no creditor, without a lien, has the right to have the debt due to him paid out of any particular property of the debtor. And the fact that the transfer was induced through a threat of the creditor to attach the debtor's property is immaterial."

See, also, Dillard v. Duke, Tex.Civ.App., 107 S.W.2d 414, and Ellis v. Valentine & Son, 65 Tex. 532.

The judgment of the trial court is affirmed.

Affirmed.