### A. L. C. HURST v. MOSE BENSON.

Decided November 20, 1901.

**1.—Reconvention—Distinct Claims—Tort and Contract.**

A tenant's plea in reconvention to an action for rent was not subject to demurrer because it joined a claim under contract with the landlord for clearing land with one for damages for wrongfully suing out a distress warrant.

**2.—Distress—Damage—Neglect of Officer.**

If property levied on was injured in the possession of the officer by his neglect, plaintiff who had wrongfully sued out the distress warrant under which it was seized, was liable therefor.

**3.—Contract—Pleading—Special Exception.**

See allegations of claim under contract for clearing land, held subject to special exception for not showing when the contract was made or performed.

**4.—Evidence—Pleading.**

Evidence irrelevant to any issue presented by the pleadings is inadmissible.

**5.—Same.**

Defects in pleading should be taken advantage of by demurrer, and not by objection to the evidence.

**6.—Oral Charge—Exception—Requested Instructions.**

The statute requiring the charge of the court to be in writing is only directory, and it is not ground for reversal that it was oral unless it appears that injury resulted and exception was made at the time; but the rejection of a

proper, requested, written instruction is ground for reversal when the court's charge, being oral, is not in the record, and therefore does not appear to have covered the point.

Appeal from the County Court of McLennan.     Tried below before Hon. G. B. Gerald.

*J. B. Scarborough* and *R. A. Word,* for appellant.

*H. P. Jordan,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—Appellee accepts appellant's statement of the nature and result of the suit, as follows:

"This is a suit by appellant against appellee for rent, aided by distress proceedings, in which it is alleged that defendant is liable to plaintiff for rent one-half of cotton and one-third of corn and potatoes raised by defendant on plaintiff's farm for year 1900, of value $210, and prayer for judgment for said amount, foreclosure of his landlord's lien, and for judgment on defendant's replevy bond, for costs, etc.

"Defendant pleaded general denial, and specially, by way of plea in reconvention, that plaintiff contracted with him to grub and clear land at $4 per acre; that he grubbed and cleared thirteen acres of land, for which he asks judgment.  He also pleads specially that the distress warrant was sued out wrongfully and unjustly and that his potatoes were frostbitten and damaged soon after levy, and asks for $100 damages.  Defendant admits in his pleadings the rental contracts and his liability for rent, as alleged by plaintiff.

"Plaintiff filed supplemental petition, containing exceptions to defendant's plea, general denial, and special answer that if potatoes were damaged it was on account of defendant's own negligence in not properly covering same when he left them in the field.  Also that if potatoes were damaged, it was after levy, the same were in possession of officer, and plaintiff had no control over them and not liable for negligence of officer; and further that defendant had replevied the property at full value, and was estopped from claiming damage for injury to said property.

"Trial by jury and verdict in favor of plaintiff for $34.13, and judgment entered thereon.  Motion for new trial overruled, plaintiff excepts, and now brings the case to this court for revision."

The statement above that "plaintiff contracted with him to grub and clear land," etc., should read, "contracted with him that defendant was to grub," etc.  Defendant pleaded in reconvention that he rented from one Heaton certain 28 acres of land for the year 1900, for which he, Benson, agreed to pay as rent a part of the crop raised; that in 1900 Heaton sold his interest in the crop to Hurst, and Benson acknowledged Hurst as his landlord; and he, Benson, was carrying out in every particular his contract, the contract he had made with Heaton, when on a

very cold day Hurst, without cause, maliciously, wrongfully, and unjustly sued out a writ of distress, "distressing" his ungathered crop at a season when it demanded his careful attention; that by reason of the execution of said distress warrant, staying his hands from protecting his ungathered crop, the frost damaged said crop in a sum not less than $100.

That on the —— day of ———, this reconvener and other parties entered into an agreement with A. C. L. Hurst that reconvener Mose Benson was to grub, clear, and improve the lands and orchard of Hurst, for which Hurst promised and was liable to pay Benson $4 per acre for every acre so grubbed and cleared; that reconvener did grub, clear and improve thirteen acres of the land of Hurst, to wit: four acres of orchard land, and about nine acres of field land, making a total of thirteen acres of land grubbed, cleared, and improved, as per contract, for which reconvener is justly entitled to the sum of $52, and all costs. "Wherefore reconvener, defendant, prays for judgment over against plaintiff A. L. C. Hurst for his services under said contract in the sum of $52; for damages for loss of potatoes and other crop caused by the wrong and unjust execution of process in the sum of $100."

To the plea in reconvention Hurst demurred generally, and especially excepted upon the ground that it was vague, uncertain, confused and duplicitous; and that it fails to set out in logical and legal form any right or cause of action against plaintiff, and because the plea sets up two separate and inconsistent causes of action,—one on a contract to grub and clear land, and the other malicious acts by plaintiff, and for damages, for the reason that an action upon contract and one for tort, in no way connected, can not be joined in one action; and further excepting to that part of the plea, because if the potatoes were damaged by the weather it was after the writ was levied, the potatoes being in the possession of the officer of the law, and plaintiff is in no way bound to protect the same, and had no right to interfere with the officer's possession or control, and if the plea shows any right of action, it is against the officer and not plaintiff; and further excepting to the plea on the alleged contract to grub and clear land, because it fails to show the terms of such contract, when it was made, when it was to be performed, and when defendant did the work alleged, and because it is so indefinite, plaintiff can not meet it with answer or proof.

*Opinion.*—We find no error in the ruling of the court on plaintiff's exceptions to the plea in reconvention, which was to the effect that that plea sets up two separate and distinct causes of action, one sounding in tort and for damages, and the other on contract. The plea reconvened for damages for wrongfully and maliciously suing out the distress warrant, and also claimed compensation for clearing the land under contract. It was permissible for defendant to set up in reconvention damages arising from the unlawful issuance and levy of the writ. It grew out of the suit, was incident to it, and though it was for uncertain or

unliquidated damages, it was properly set up in defense. Rev. Stats., art. 755. Such practice has long been recognized in this State in case of wrongful and malicious levy of writs. The other claim for amount due for clearing and improving the land was also permissible under our practice. Rev. Stats., art. 750. The pleas so set up in such case would not be subject to the exception that they declared on matters of contract and tort.

2. If the property levied on was so neglected by the officer making the levy that it was injured and depreciated in his possession, plaintiff would be liable for the damages so caused, and such damages was a proper subject of plea in reconvention.

3. The counterclaim for clearing land and placing it in a state of cultivation was subject to the special exceptions urged against it. It does not show when the contract was entered into, nor when performed, nor when it was to be performed. The special exceptions to it upon these grounds, should have been sustained, and it was error to overrule them. The statute already referred to provides that the plea setting up such counterclaim shall state distinctly the nature of the several items thereof, and shall conform to the ordinary rules of pleading. Rev. Stats., art. 751; Peet v. Hereford, 1 App. C. C., sec. 873; Id., sec. 490.

4. We do not see the object or the relevancy of the testimony admitted by the court, over plaintiff's objections, that plaintiff got 112 pounds of cotton from him in the fall and had never settled for it. The pleadings lay no predicate for the testimony, and it was not legal evidence.

5. It was not error to permit defendant to testify over objection of plaintiff that his potatoes were frostbitten and decayed after they were levied upon. If the plea as to wrongfully suing out the writ was insufficient, it should have been taken advantage of by exception to it, and not by objection to the testimony.

6. The statute requires the charge of the court to be in writing, signed by the judge; but this is only directory, and an oral charge is not ground for reversal, unless it appears that injury resulted therefrom. Railway v. Dunlavy, 56 Texas, 256; see also 11 Texas, 585; 17 Texas, 606, 428. Besides, it must be excepted to at the time. 42 Texas, 104. The better practice is to reduce the charge to writing, so that it can be incorporated in the record. There is no charge in the record before us. We can not say therefrom that the court gave the jury the requested charge, that unless the warrant was "illegally and unjustly sued out" defendant could not recover on his claim for damages. Such a charge was requested by plaintiff and was refused by the court. It should have been given on the claim for damages. The statute requires that the bond for the writ "shall be conditioned that plaintiff will pay the defendant such damages as he may sustain in case such warrant had been illegally and unjustly sued out." Rev. Stats., art. 3241. Before the condition of the bond would be violated, the distress

warrant must have been both illegally and unjustly sued out. It was error to refuse the requested charge.

We have examined other issues presented in the briefs and find no other error, but because of the errors above pointed out the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*