## DILLARD v. DUKE et vir.

### No. 1890.

Court of Civil Appeals of Texas. Waco.

June 17, 1937.

J. T. Spencer and J. C. Lumpkins, both of Waxahachie, for appellant.

J. L. Gammon and G. Goodwin Sweatt, both of Waxahachie, for appellees.

GALLAGHER, Chief Justice.

A brief statement of the facts out of which this suit arose will aid in a ready understanding of the issues of law involved. J. D. Duke died in 1922. He owned at that time as community property with his wife, Etta Duke, who survived him, 228 acres of land, which they occupied as a homestead. Eight children of their marriage were living at that time. A partition of said tract was had, in which 114 acres, constituting the south half thereof, were set aside to the surviving widow and the north half was divided equally between said children, each child receiving title to 14.28 acres. V. M. Duke and a sister, Phama Duke, were both minors at that time and their shares were set aside to them jointly in a tract adjoining the tract set aside to their mother as aforesaid. V. M. Duke subsequently married, and after his marriage resided first with his mother and afterwards in a small two-room house situated on her land. He, from year to year, cultivated the 28.56 acres of land set aside to him and his sister Phama as aforesaid and appropriated the crops raised to his and her benefit. In addition thereto, under some arrangement with his mother, he cultivated from year to year a portion of the land set apart to her. He so cultivated such lands during the year 1929. In the spring or early summer of said year, Mrs. Etta Duke was killed in an accident. D. L. Duke, a brother of V. M. Duke, was killed at the same time. He had received as his share of his father's estate a tract of 14.28 acres. He died intestate. He was unmarried and his surviving brothers and sisters were his only heirs. There is no contention that V. M. Duke's inheritance from his father, mother, and deceased brother did not amount in the aggregate to 32 acres of land out of the original tract. There is a brief reference in the statement of facts to a partition suit in the district court brought by Mrs. Etta Dillard against Claude Dillard and others on the 28th day of September, 1929, for division of the land inherited from Mrs. Etta Duke and said D. L. Duke; a decree establishing the interest of each of the several heirs therein, and a report of sale of the property by a receiver to Mrs. Etta Dillard and Claude Dillard for approximately $9,000. No attempt to consummate this sale and purchase was shown. Mrs. Etta Dillard and Mrs. Maude M. Dillard were sisters of V. M. Duke. The former was a widow and the latter the wife of said Claude Dillard. The share of Mrs. Maude M. Dillard in the partition of her father's estate was set aside to her on the north side of the original homestead tract. Claude Dillard, at the time of the transactions under consideration, had purchased the share of B. D. Duke which adjoined her share on the south, and also the share of another of the heirs, which share lay immediately south of the B. D. Duke share. Said 3 shares amounted in the aggregate to approximately 42 acres.

Claude Dillard desired to acquire all, or the major portion, of the remainder of the lands owned by his wife's parents, but did not have the money to do so unless he could, in connection therewith, dispose of the three tracts amounting in the aggregate to approximately 42 acres as aforesaid. He was apparently an experienced business man and was active in the affairs pertaining to the partition of said estates. V. M. Duke was shown by the testimony to have been uneducated and apparently inexperienced in business affairs. He claimed that the real trade between him and Claude Dillard was that he was to exchange his interest in the estate of his parents and his deceased brother, amounting to approximately 32 acres of land as aforesaid, acre for acre

for .32 acres of land off the north side of the tract owned by Claude Dillard as aforesaid; that he was to buy the remaining 10 acres off the south side of said tract so owned by Claude Dillard and certain teams and tools to be used by him in operating the lands acquired, for the aggregate sum of $1,250, which was to be secured by a lien on said 10-acre tract alone. Claude Dillard claimed that the real trade between him and said V. M. Duke consisted, first, of the sale by the latter of his interest in the estates of his deceased father, mother, and brother to him, the said Claude Dillard, and the subsequent purchase by said V. M. Duke from him of his 42-acre tract as aforesaid, and the execution, as a part of the purchase price therefor, of a note for $1,250 to be secured by a lien on said entire tract. The testimony bearing on these conflicting claims is so voluminous as to render impractical even a condensed statement of the same.

Claude Dillard and wife, on or about the 25th of October, 1929, executed and acknowledged a deed conveying to V. M. Duke the entire 42-acre tract aforesaid, and an additional tract of 19.75 acres which apparently did not constitute any part of the estate of his deceased parents. The consideration recited therein was $4,244, being $2,284.80 cash and one promissory note executed by V. M. Duke and payable to Mrs. Etta Dillard for the sum of $1,250 as a part of the purchase price of the land. It was further expressly stipulated therein that said 19.75-acre tract was taken subject to an indebtedness of $709.29, but that the grantee did not assume such indebtedness. It was shown affirmatively that no part of the cash consideration so recited was ever paid. V. M. Duke, at or about that time, at the instance of Claude Dillard, executed his note to Mrs. Etta Dillard for the sum of $1,250 and she advanced the money thereon to said Claude Dillard. While there was testimony concerning said note, it was not introduced in evidence and the contents of the same other than the amount thereof as aforesaid, were in no way shown. Said deed, however, contained a provision that the holder of said note should be subrogated to all the rights, equities, and liens for the collection of the same that the grantor would have had had the same been payable to him. About that time V. M. Duke and wife moved into the house on the Claude Dillard tract and he moved onto the tract formerly occupied by Mrs. Etta Duke. The deed above described was never delivered to V. M. Duke. He was not present when it was prepared and testified that no one told him what was contained therein. It remained with the notary before whom it was acknowledged until some time in March, 1933, when Mrs. Etta Dillard caused it to be delivered to the county clerk for record. A notation thereon showed that it was mailed, after recording, to the attorney for the Dillards. There is no contention that Mrs. Pauline Duke ever saw said deed or knew anything about its contents.

V. M. Duke failed to pay said note to Mrs. Etta Dillard at its maturity, or to make anything more than a trivial payment thereon. He testified that she offered him $15 to deed the entire tract of land to her as the holder of said note and that he declined. She thereafter, on May 22, 1933, instituted suit in the district court to recover judgment on said note and to foreclose the vendor's lien. Such foreclosure was sought only upon the 42-acre tract. No reference was made to the 19.75-acre tract. V. M. Duke alone was made defendant in said suit. He was served with citation, but testified that he thought the foreclosure sought was upon the 10-acre strip which he contended was the only part of his purchase to be charged with a lien for the payment of said note. He further testified that he did not know that the 19.75-acre tract was included in the deed executed by Dillard and wife to him as aforesaid, and did not know what became of the same. Mrs. Dillard obtained judgment by default. An order of sale was issued on such judgment and the property sold thereunder to Mrs. Etta Dillard for the sum of $100. The sheriff's deed to her was made in August, 1933. Claude Dillard, on or about January 1, 1934, took possession of the cultivated lands on said tract as the tenant of Mrs. Etta Dillard and held possession thereof during that and the succeeding year. V. M. Duke and his wife, however, remained in the house located thereon.

Pauline Duke and her husband, V. M. Duke, then instituted this suit in the district court against Mrs. Etta Dillard and Claude Dillard and wife, Maude M. Dillard, in which they asserted homestead rights in the north 32 acres of said 42-

acre tract and asked the court to adjudge the same to them free and clear of any encumbrance or liens in favor of the defendants in said suit, or any of them. They further prayed that the court declare said judgment of foreclosure and the purported sale made thereunder null and void, and that the deed executed in pursuance of such sale be canceled and the cloud cast upon their title to said 32 acres of land be removed, and for the rental value of the lands held and cultivated by Claude Dillard during the years 1934 and 1935. Claude Dillard and wife made default. Mrs. Etta Dillard entered specific denial of all the allegations made by said Duke and wife, and filed a cross-action against them for the recovery of the entire 42-acre tract which she had purchased at sheriff's sale as aforesaid.

The case came on for trial before a jury on the 21st day of January, 1936. Testimony was duly introduced by the respective parties hereto. The facts hereinbefore recited were included in the testimony so introduced. The court refused to instruct a verdict in favor of the defendant Mrs. Etta Dillard. The jury found, in answer to special issues prepared and submitted by the court, in substance, as follows:

(1) Plaintiffs Pauline Duke and her husband, V. M. Duke, agreed with Claude Dillard to exchange acre for acre the property occupied by them as a homestead and the property to which they were entitled in the partition of the estate of Mrs. Etta Duke, deceased, estimated to be 32 acres, for the north 32 acres of the 228-acre Duke tract, and to buy from Claude Dillard 10 acres adjoining said 32 acres on the south for the sum of $800.

(2) Mrs. Etta Dillard had knowledge prior to the execution and delivery of the note for $1,250 by V. M. Duke, that an agreement had been made by and between V. M. Duke and wife and Claude Dillard prior to that time to verbally exchange V. M. Duke's homestead tract and his interest in the estate of his mother, estimated at about 32 acres, for the north 32 acres then belonging to said Claude Dillard, and had contracted to buy from said Claude Dillard, for the consideration of $800, the 10 acres of land adjoining said 32 acres on the south.

(3) Plaintiffs Pauline Duke and V. M. Duke did not sell their interest in the estate of Mrs. Etta Duke, deceased, and their homestead tract, all estimated to be about 32 acres, to Claude Dillard, and buy from said Claude Dillard 32 acres out of the north part of the Duke tract, together with 10 acres adjoining said 32 acres on the south.

The answers of the jury to other special issues submitted by the court are not material to any issue embraced in this appeal. The court, at the request of the plaintiffs, submitted a special issue in response to which the jury found, in substance, that Pauline Duke and husband, V. M. Duke, in October 1929, occupied as a homestead what is known as tract No. 7 of the Duke 228-acre farm. The court thereupon rendered judgment in favor of Pauline Duke and V. M. Duke against the defendants Etta Dillard, Claude Dillard, and Maude M. Dillard for the recovery of title and possession of 32 acres, described by metes and bounds, off the north side of said 42-acre tract, and declared same free of any claim or lien on the part of said defendants, and ordered that the plaintiffs be quieted in their title and possession of said premises. The court also awarded the defendant Etta Dillard, on her cross-action, a recovery against plaintiffs and her codefendants for title and possession of the remainder of said 42-acre tract, amounting in the aggregate to 10 acres, off the south side thereof. Other provisions of the judgment are not material to the issues involved in this appeal. Mrs. Etta Dillard alone perfected an appeal.

Opinion.

Appellant contends that the court erred in framing the issues in response to which the above-recited findings (1), (2), and (3) were made by the jury, by assuming therein that the property acquired by Claude Dillard from V. M. Duke was the homestead of said V. M. Duke and wife at the time Dillard acquired the same. Appellant presented various objections to said three issues, but did not object to them, or either of them, on the ground of such assumption of fact. She cannot therefore complain on appeal of such assumption. 3 Tex.Jur. p. 202, § 137, and authorities cited in note 20 thereto. There is, however, another phase worthy of consideration. V. M. Duke was, at the death of his mother, under some arrangement with her, in actual possession and cultivating a part of her

114-acre tract. His brother, who was killed in the same accident, survived the mother. Such brother thereupon became vested by inheritance with his share of his mother's estate, she having died intestate. So that, following his death, V. M. Duke owned in fee a ⅛ interest in said 114-acre tract as the heir of his mother and also a ⅐ interest in the ⅛ interest in said tract inherited by the deceased brother just before his death. V. M. Duke continued in actual occupancy and use of a portion of said 114-acre tract from that time until he removed therefrom in October or November to the property he acquired from Claude Dillard. It is well settled that the homestead exemption may be claimed in property in which the party claiming the same has only an undivided interest, and that such exemption will be continued and applied to the land ultimately set aside to such party in partition, whether any part of the land so set aside to him was actually used by him for homestead purposes prior to such partition. Young v. Hollingsworth (Tex.Civ.App.) 16 S.W.(2d) 844, pars. 3 to 5, inclusive (writ refused), and authorities there cited. The 28-acre tract in which V. M. Duke owned an undivided ½ interest adjoined the 114-acre tract on which he lived on the north. He was also at the time cultivating said 28-acre tract and receiving his share of the crops raised thereon. The Commission of Appeals, in Youngblood v. Youngblood, 124 Tex. 184, 76 S.W. (2d) 759, pars. 1 and 2, held, in substance, that where land was actually occupied and used as a home by the owner thereof, specific proof of intention to so dedicate the same was not necessary, since such actual use of the land was the most satisfactory and convincing evidence of such intention, and, also, that a tract adjacent to the home place, though separated therefrom by a road and occupied by a tenant, if used in part for support and enjoyment of the owner occupying the home tract, was "used for purposes of home." The testimony concerning the occupancy and use by V. M. Duke of a portion of the 114-acre tract and his use in connection therewith of his share of the 28-acre tract was not disputed, and under the rule announced in the case just cited, his undivided interest in both such tracts was invested with the homestead character.

■ Appellant also contends that the court erred in framing the issue submitted at the request of appellees in response to which the jury, as above shown, found that they, in October, 1929, occupied as a homestead tract No. 7, in which V. M. Duke owned a half interest. Appellant construes the words "occupied as a homestead," as used in such issue, to mean actual residence thereon, and not that appellees used the same for homestead purposes in connection with the tract upon which they did actually reside. Appellant made no objection whatever to the submission of such issue, and under the authorities above cited, waived complaint thereof. Appellant also assails the sufficiency of the evidence to support the finding made by the jury in response thereto. Her specific contention is that the use of the word "occupied" implied actual residence thereon by appellees, and not mere use of the same in connection with the tract upon which they did reside. "Occupy," in its legal application, is a word of varied meaning. See 46 C.J. p. 898 et seq. There was uncontradicted testimony that V. M. Duke had, at the time indicated, possession and use of said tract in connection with the tract on which he and his wife actually resided, and such testimony, under the authorities above cited, affords sufficient support for said finding.

■ Appellant contends that the court erred in refusing her request for an instructed verdict. This contention is predicated in the main upon the fact that she sued appellee V. M. Duke for the amount of the vendor's lien note which he executed to her and for a foreclosure on the entire 42-acre tract to secure the same; that she recovered judgment in such suit by default; and that she became the purchaser of said land at sheriff's sale under such foreclosure. Since appellee Pauline Duke was not a party to such suit, and since the issue here involved is one of homestead rights, such judgment is not conclusive in this suit. The rights of husband and wife in the homestead are inseverable, so that one may not be precluded from asserting and enjoying his or her rights in the property without affecting the other. Since said judgment constituted no estoppel against the assertion of homestead rights by Pauline Duke, it did not constitute such estoppel as to either of them. Martin v. Astin (Tex.Com.App.) 295 S.W. 584, par. 6; Smith v. New Waverly State Bank (Tex.

Civ.App.) 76 S.W.(2d) 201, 203, par. 3, and authorities there cited. The court did not err in refusing her request for a peremptory instruction.

The judgment of the trial court is affirmed.