Charles G. CLARK, Appellant,

v.

BANK OF the SOUTHWEST, AMARILLO, Texas, Appellee.

No. 7665.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 5, 1966.

Rehearing Denied Jan. 3, 1967.

Lockhart & Wilds, Amarillo, for appellant.

Lumpkin, Watson & Smith, Amarillo, for appellee.

DENTON, Chief Justice.

This is an appeal from a summary judgment in favor of the appellee, Bank of the Southwest, Amarillo, Texas, against appellant Charles G. Clark on a promissory note.

On April 1, 1964 Albert B. Martin and appellant Clark executed a note payable to appellee in the amount of $18,000.00 providing for monthly payments with interest from date at the rate of 7% and 10% after maturity. A renewal note was executed by Martin on May 18, 1965 in the principal sum of $14,066.15 providing for monthly payments with interest after maturity of 10%. Appellee sued both Martin and Clark for the balance due on the note which was renewed and extended by the May 1965 note. An interlocutory judgment was granted against Martin. Summary judgment was granted appellee against appellant and the interlocutory judgment was made final. Martin did not appeal.

In the one point of error appellant attacks the trial court's judgment on the ground the pleadings and affidavits show there are material fact issues. It is contended the record presents a question of fact as to whether Clark was a surety or maker of the note; and whether he had been released from liability by the renewal of the original note. In his affidavit appellant stated he sold an auto parts business to Martin. Martin had no cash to pay, but obtained a loan from appellee to purchase the business, and executed the original note for the purchase price. Appellant signed the note along with Martin. Appellant stated "I signed same as surety". In addition Martin executed a Chattel Mortgage on the store fixtures and merchandise. Appellant further stated by affidavit that the bank "did on May 18, 1965, without my knowledge, renew the note that I was surety on and let Mr. Albert Martin make a new note, using the same security that had been on the first note".

 Appellant's statement that he signed the note as a surety is a legal conclusion and is insufficient to raise a material fact issue. Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557. Duffard v. City of Corpus Christi (Tex.Civ.App.), 332 S.W.2d 447. The original note contained no statement or wording to indicate appellant signed the note in any capacity other than as a maker. The signatures of both Martin and appellant were entirely unrestricted. Appellant's pleadings did not raise the defense he was not liable as a maker of the note. A denial of liability in the capacity in which one is sued must be pleaded by verified pleadings. Rule 93(c) Texas Rules of Civil Procedure.

 The original note executed by Martin and appellant contained the provision: "The makers, sureties, guarantors and owners of the note, and all other parties thereto, severally waive demand, presentment for payment, notice of dishonor * * * diligence in collecting or bringing suit * * * and agree to all extensions and partial payments, in the event of default in the payment of any installment, the holder may without notice or demand declare the remaining balance legally collectable due and payable." It is well settled that a person primarily liable on a note is not discharged by an extension of the note without his consent where the note provides that it may be extended without notice. Commercial Inv. Co. of Uvalde v. Graves (Tex.Civ.App.), 132 S.W.2d 439 (Writ Ref.). Welch v. Beall (Tex.Civ. App.), 153 S.W.2d 338 (W.O.N.). It is also settled a surety is not relieved of liability on a note when it is extended if in signing the original note, he has agreed in advance to an extension of time subsequently granted for payment of the original obligation. Hays v. First State Bank of Dell City (Tex.Civ.App.), 377 S.W.2d 210 (Ref. N.R.E.).

 Appellant takes the position the original note was "altered" or changed in that the renewal note contained no provisions for the payment of interest except after maturity. The argument is that appellant, as surety, must give his consent to such change or alteration. It is true an extension of payment between the creditor and original debtor, without a surety's consent operates as a release to the surety. However, under the undisputed facts of this record appellant was not a surety and he gave his written consent to the extension. Where renewal notes are involved the holder may sue either on the original note or on the renewal note. Smith v. First Pasadena State Bank (Tex.Civ.App.), 401 S.W.2d 123. Hays v. First State Bank of Dell City (supra). Appellee chose to sue on the original note. The new note simply operates as an extension of the time of payment of the original indebtedness. Borden v. Arnold (Tex.Civ.App.), 94 S.W. 2d 216 (Writ Ref.). Brinker v. First National Bank (Comm.App.), 37 S.W.2d 136.

 A review of the record clearly shows there is no genuine issue of material fact to be tried in this case. In so doing,

we review the record in the light most favorable to the appellant, indulging in his favor every intendment reasonably deducible from the evidence and resolving all doubts as to the existence of a genuine issue of material fact against appellee. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. We conclude that the action of the trial court in entering the summary judgment was proper.

The judgment of the trial court is affirmed.