**Irma Rocha VILLARREAL, Appellant,**

v.

**LAREDO NATIONAL BANK, Appellee.**

**No. 04–83–00073–CV.**

Court of Appeals of Texas,
San Antonio.

June 27, 1984.

Rehearing Denied Aug. 28, 1984.

J.G. "Bumper" Hornberger, Jr., Dallas, for appellant.

Julio Garcia, Dist. Atty., Alonzo Laurel, Jr., Laredo, for appellee.

## OPINION

CANTU, Justice.

On the Court's Motion, This Case Was Heard En Banc.

This is an appeal from an order granting summary judgment in favor of appellee, Laredo National Bank and from an order denying a summary judgment in favor of appellant, Irma Rocha Villarreal.

Appellant filed suit to enjoin a foreclosure sale involving property on which she and her three minor children were residing. Alternatively appellant sought, in the event injunctive relief was denied, an order requiring that foreclosure and sale be subject to her homestead rights. The trial court, in the early stages of the litigation, granted a temporary restraining order and subsequently converted it into a temporary injunction.

The trial court's entry of its orders on the motions for summary judgment in effect denied the permanent injunction sought by appellant. Nevertheless, the court continued the temporary injunction in full force and effect pending the outcome of this appeal.

Roger C. Rocha and appellant were married in 1966. In 1973, the couple resided at 1810 Aldama Street in Laredo, Webb County, Texas, and were claiming the residence as their homestead. On August 30, 1973, they executed a Builder's and Mechanic's Lien Note in the amount of $30,000.00 to Guisseppe Priolo, a contractor, for the construction of improvements to their homestead. The note was secured by a Builder's and Mechanic's Lien.[1]

The note and lien were subsequently assigned to appellee bank on the same day.

On February 8, 1974, the Rochas, while still living on the property and claiming it as their homestead, executed and delivered to appellee a promissory note and deed of trust lien which were a renewal and extension of the Builder's and Mechanic's Lien note and Lien. The note is dated February 13, 1974, and the Deed of Trust is dated February 8, 1974. The Deed of Trust, however, recites that it is given to secure the payment of a note of even date but presumably refers to the note dated February 13, 1974.

Under the terms of the note, appellant and Roger obligated themselves to pay the sum of thirty-five thousand dollars at nine and one-half percent interest in monthly installment payments of $365.50 including interest beginning on March 10, 1974.

The note further recites that $30,000.00 of the note represents renewal of the principal balance due on the promissory note dated August 30, 1973, and that the additional $5,000.00 represents other improvements performed by the contractor at the request of the Rochas.

The note specifically acknowledges that the lien granted under the note and Deed of Trust executed on August 10, 1973, is renewed, extended and merged with a

---

1. The note provides for the payment of thirty thousand dollars within ninety days with interest at the rate of nine and one-half percent.

Additionally, the note contains the following language:

Makers, sureties and endorsers severally waive presentment for payment, notice of non-payment, protest and notice thereof and diligence in bringing suit against any party hereto, and they, jointly and severally, consent to any extension hereof in whole or in part, and to any indulgencies granted the makers in the payment hereof and consent that notice thereof need not be given them.

Deed of Trust lien given under the Deed of Trust dated February 8, 1974.

Appellant and Roger further agreed by the terms of the note that appellee could at any time after five years from the date of execution of the note, mature the balance due on the note by giving appellant and Roger three months written notice of acceleration.

On August 13, 1976, the 201st Judicial District Court of Travis County, Texas, entered an interlocutory decree in a divorce proceeding between the Rochas. On November 10, 1976, a final decree of divorce was entered by the court.

The divorce decree provided, in pertinent part:

The Court FINDS and hereby ORDERS that the following property be awarded to ROGER C. ROCHA (Husband), subject to any encumbrances thereon:

1. The community homestead located at 1810 Aldama, Laredo, Texas. *Said property, however, is set aside for the use and occupancy of IRMA C. ROCHA and the minor children until the youngest child reaches the age of eighteen.* Mortgage payments, taxes and insurance in said property are to be paid by Husband until the youngest child reaches the age of eighteen. (Emphasis ours.)

It is noteworthy that prior to the time of the divorce, appellant was living at the Aldama Street residence with her three minor children. Moreover, appellant and her children continued to live on the premises and to claim a homestead exemption under the terms awarded by the divorce decree.

In August 1980, appellee bank exercised its option to accelerate the balance due on the note as per the terms in the 1974 note permitting maturity anytime after five years.

On August 8, 1980, Roger, without appellant's knowledge or consent, executed a Real Estate Lien note payable to appellee in the amount of $29,900.92 with interest at the rate of twelve percent and payable in monthly installments of $365.00 commencing on September 10, 1980.[2] The note recites that the "maker ... of this note expressly waives all notices, demands for payment, presentations for payment, notices of intention to accelerate the maturity, protest and notice of protest, as to this note and as to each, every and all installments hereof."

Roger further granted a Deed of Trust lien to secure the foregoing note. The Deed of Trust is boiler plate but contains the added notations that the note which is secured is given in renewal and extension of the sum of $29,900.02 left owing and unpaid by grantor (Roger) upon the note in the original sum of $35,000.00 dated February 13, 1974. The notation further recites that Roger acknowledges that the lien granted in the Deed of Trust dated February 13, 1974, remains a valid lien and is renewed, extended and continued in full force to secure the payment of the note dated August 8, 1980. On July 10, 1981, the August 8, 1980, note matured as per its own terms and Roger was unable to pay the remaining balance. Consequently the trustee, pursuant to the Deed of Trust given to secure the note, gave notice of trustee's sale. Appellant then filed suit to enjoin the sale.

Appellant contends that the court erred in denying her motion for summary judgment and in granting appellee's motion for summary judgment because the summary judgment proof conclusively established that appellee's deed of trust lien was void or inferior to appellant's homestead rights in the property sought to be foreclosed. Appellant further asserts that she was entitled to a permanent injunction enjoining the foreclosure sale because the trustee's notice of sale was void and because the property upon which she was residing is exempt from forced sale under the laws and Constitution of Texas.

---

2. The note recites that payments of $365.00 shall continue each calendar month "until the principal and interest are fully paid, except the final payment of principal and interest, if not sooner paid, shall be due and payable on the 10th day of July *1981.*" (Emphasis ours.)

In reviewing a summary judgment record, it is the duty of appellate courts to apply the following rules:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592–593 (Tex. 1975); TEX.R.CIV.P. 166–A.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Wilcox*, 531 S.W.2d at 593; *see also Cowden v. Bell*, 157 Tex. 44, 300 S.W.2d 286, 287 (1957).

3. Every reasonable inference must be indulged in favor of the nonmovants and any doubts resolved in their favor. *Wilcox*, 531 S.W.2d at 593; *Hudnall v. Tyler Bank & Trust Co.*, 458 S.W.2d 183, 185 (Tex.1970); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952); *Womack v. Allstate Insurance Co.*, 156 Tex. 467, 296 S.W.2d 233, 235 (1956).

In considering the propriety of the trial court's granting of appellee's motion for summary judgment, we abide by the foregoing rules.

However, failure of appellee to discharge its burden on its motion would not necessarily entitle appellant to summary judgment on her motion nor would appellant be entitled to summary judgment on her motion simply because she negates the summary judgment proof offered by appellee. *Rio Bravo Oil Co. v. Hunt Petroleum Corp.*, 455 S.W.2d 722, 727 (Tex.1970).

Since both parties moved for summary judgment, all the evidence accompanying both motions should be considered in deciding whether or not to grant either party's motion. *Sorsby v. State*, 624 S.W.2d 227, 230 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *see also Highway Contractors, Inc. v. West Texas Equipment Co.*, 617 S.W.2d 791, 794 (Tex.Civ. App.—Amarillo 1981, no writ).

Moreover, when faced with an appeal containing two summary judgment motions, the court of appeals should, if error is properly preserved, determine all questions presented. If reversible error is found, the court should render such judgment as the trial court should have rendered. *See Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (1958).

A hearing on a motion for summary judgment is purely one of law and no oral testimony is allowed. Therefore, the court must decide whether the moving party is entitled to judgment based on the pleadings, depositions, answers to interrogatories and admissions, together with any affidavits. *Cronen v. Nix*, 611 S.W.2d 651, 652 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), *cert. denied*, 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 112 (1981).

The statement of facts and documentary evidence developed in a prior trial can properly be considered by the trial court in ruling upon a motion for summary judgment. *Sturm Jewelry, Inc. v. First National Bank, Franklin*, 593 S.W.2d 813, 815 (Tex.Civ.App.—Waco 1980, no writ).

At the hearing on the motions for summary judgment, appellant and appellee entered into a stipulation providing that the summary judgment proof would include the statement of facts from the hearing on the temporary injunction and that all pleadings and orders which pertained to appellant individually would automatically pertain to appellant as next friend of her three minor children.

The appellee's summary judgment proof contains the affidavit of an executive vice president for appellee bank. The affiant states he was aware of the Rocha's divorce and that Roger had been awarded the property in question at the time Roger executed the note in August of 1980. Moreover, he states that the note executed by Roger alone matured by its own terms on July 10, 1981.

The deposition evidence stipulated to by the parties and attached to the motion,

disclosed that appellee bank elected to exercise its option to accelerate the 1974 note and to mature the balance owing sometime after 5 years had elapsed from its date of execution.

Appellant's position is that she was never given notice of the bank's intention to mature the balance. Appellee did not know whether appellant had been given the required notice, nor did it seek to controvert appellant's contention of lack of notice. Roger believed he had received the required notice but did not know if appellant had.

Appellee sought to deal solely with Roger in the matter of the renewal note even though it was aware, through its officers, of appellant's continued use of the premises as a residence. It is appellee's position that appellant was not a party interested in the property because Roger was made the sole owner of the fee via the divorce decree.

Appellant seeks to defeat appellee's entitlement to summary judgment by arguing that the summary judgment proof conclusively established that the deed of trust lien foreclosed on by appellee was a nullity because it affected her homestead exemption.

Appellee, on the other hand, justifies its entitlement to summary judgment by arguing that the proof conclusively established that appellant was not entitled to a homestead exemption and, therefore, the deed of trust lien was valid. Moreover, since appellant did not have a homestead right in the subject property, she was not entitled to receive notice of an extension and renewal of the preexisting debt nor was her consent needed to validate the renewal note.

In effect, each party's contention in favor of its motion and in opposition to the other party's motion mirror each other.

Thus, the motions called upon the trial court to decide, as a matter of law, the validity of a homestead exemption claim and the effect of a deed of trust lien upon that claim.

We address first the propriety of the trial court's granting appellee's motion for summary judgment.

■■■ The uncontroverted evidence established that appellant was awarded an estate capable of sustaining a homestead claim in the separate real property of her ex-husband for a term of years through the decree of divorce. It is well settled that a divorce court may set aside property as the homestead of the wife and children for a certain period of time even though the property be the separate property of the husband. *See Hedtke v. Hedtke*, 248 S.W. 21, 23 (Tex.1923); *Nelson v. Nelson*, 436 S.W.2d 200, 202 (Tex.Civ.App.—Dallas 1969, no writ); *Smith v. Smith*, 187 S.W.2d 116, 119 (Tex.Civ.App.—Fort Worth 1945, no writ). As a general rule, the complete breaking up of the family for any cause does not operate to forfeit the homestead right of one who has acquired it and continues to use the property as his home. *See Woods v. Alvarado State Bank*, 118 Tex. 586, 19 S.W.2d 35, 39 (1929).

■■■ Moreover, the claim of homestead exemption does not depend on an unqualified fee ownership of the land involved. *Gann v. Montgomery*, 210 S.W.2d 255, 258 (Tex.Civ.App.—Fort Worth 1948, writ ref'd n.r.e.).[3]

■■■ In this state, it has long been the law that a wife has an interest in the homestead property, although the title may rest in the husband, and she may rightfully

---

**3.** Some title or *interest* is required to validate the homestead claim. *See Rutledge v. Mitchell*, 91 S.W.2d 1135, 1136 (Tex.Civ.App.—Austin 1936, err. dism'd). Sufficient interests have been found in a tenancy in common, *Stevenson v. Wilson*, 130 S.W.2d 317, 321 (Tex.Civ.App.—Eastland 1939, err. ref'd), a tenancy at will, *Shepler v. Kubena*, 563 S.W.2d 382, 386 (Tex.

Civ.App.—Austin 1978, no writ); *Cleveland v. Milner*, 141. Tex. 120, 170 S.W.2d 472, 475 (1943), and a right of present possession, *Atkins v. Schmid*, 129 S.W.2d 412, 414 (Tex.Civ.App.—Dallas 1939, no writ); *Dillard v. Duke*, 107 S.W.2d 414, 418 (Tex.Civ.App.—Waco 1937, no writ).

prosecute an action to protect that interest. *Citizens' State Bank of Lindale v. Jeffries*, 2 S.W.2d 317, 320 (Tex.Civ.App.—Texarkana 1927, writ ref'd). The homestead right thus created constitutes an estate in land rather than a mere privilege of exemption or possession. *Andrews v. Security Nat. Bank of Wichita Falls*, 121 Tex. 409, 50 S.W.2d 253, 256 (1932); *Woods v. Alvarado State Bank, supra; Sakowitz Bros. v. McCord*, 162 S.W.2d 437, 438 (Tex. Civ.App.—Galveston 1942, no writ).

■ At the entry of the divorce decree, two estates in the property were created, an estate for years and a reversionary interest in Roger with suspended right of possession. We see no reason to depart from established principles of homestead law simply because a homestead exemption is claimed upon a court created estate as opposed to continued by court decree following the dissolution of the marriage. *See generally McGarraugh v. McGarraugh*, 177 S.W.2d 296, 297 (Tex.Civ.App.—Amarillo 1943, writ dism'd). We therefore hold that appellant has a sufficient interest upon which to ground homestead rights.

We must now decide the validity of appellee's lien as to appellant's exemption.

At the time the improvements were placed on the homestead, appellant and Roger both participated in the placing of the Builder's and Mechanic's Lien on the property to secure the note for $30,000.00.

■ It is well settled that debts undertaken during marriage are presumed to be community debts. *Cockerham v. Cockerham*, 527 S.W.2d 162, 171 (Tex.1975); *Anderson v. Royce*, 624 S.W.2d 621, 623 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Thus, community property reachable by creditors for debts incurred during marriage remains liable after a subsequent divorce of the parties and partition of the community estate. A division of the community estate has no effect upon a creditor's recovery rights.

■ It is also well settled that the giving of a new note for a debt evidenced by a former note does not extinguish the old note unless such is the intention of the parties. Nor is there a presumption of the extinguishment of the original paper by the execution and delivery of a new note. The burden of proving a novation is on the person asserting it. *Chapman v. Crichet*, 127 Tex. 590, 95 S.W.2d 360, 363 (1936).

■ When renewal notes are involved, the holder may sue either on the original note or on the renewal note. *Clark v. Bank of the Southwest, Amarillo*, 410 S.W.2d 191, 193 (Tex.Civ.App.—Amarillo 1966, no writ); *Smith v. First Pasadena State Bank*, 401 S.W.2d 123, 127 (Tex.Civ. App.—Houston 1966, no writ).

■ Therefore, unless the parties intended to discharge appellant on the existing note prior to renewal, appellant was not discharged by an extension of the note without her consent where the original note provided that the makers agreed to all extensions. *Clark v. Bank of the Southwest, supra* at 193.

■ We hold, however, that the aforementioned rules, as they apply to the case at bar, do not extend to impair existing homestead rights.

TEX. CONST. Art. XVI, § 50 provides in pertinent part:

The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of both spouses, in the case of a family homestead

\*    \*    \*    \*    \*    \*

No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, ... whether such mortgage, or trust deed, or other lien, shall have been created by the own-

er alone, or together with his or her spouse, in case the owner is married. ...

Section 50 restricts power of the holder of the homestead right in encumbering or alienating the homestead interest and exempts the homestead interest from forced sale in satisfaction of judgments.

When Roger alone renewed and extended the note on August 8, 1980, appellee was aware that appellant was a signatory to the original undertaking and that she continued to occupy the premises under a homestead right even though the fee title was in Roger.

It has long been held that a husband alone has no power to renew a debt against the homestead, extend time of payment, or in any wise change the same after the homestead right has been perfected. *Uvalde Rock Asphalt Co. v. Hightower,* 140 Tex. 200, 166 S.W.2d 681, 683 (Tex. Comm'n App.1942, opinion adopted); *Sudduth v. Du Bose,* 42 Tex.Civ.App. 226, 93 S.W. 235, 236 (1906, no writ); *San Antonio Real Estate, Building & Loan Ass'n v. Stewart,* 27 Tex.Civ.App. 229, 65 S.W. 665, 667 (writ ref'd).

Moreover, the wife is a necessary party to a foreclosure proceeding of a mechanic's lien on the homestead and a judgment obtained in a case without making her a party would be void. *San Antonio Real Estate, Building & Loan Ass'n* at 667.

While we recognize that the aforementioned cases specifically address a husband-wife situation, we hold that the above rules are applicable to a situation in which a divorce has occurred and one spouse continues to assert a homestead interest.

For purposes of this opinion it is immaterial whether appellant's homestead rights carried forward after dissolution of the marriage or were created by virtue of the divorce decree. Appellee's lien at the time of divorce constituted a valid encumbrance upon the property. Is it, therefore, crucial to determine if the placing of the fee title in Roger alone, following divorce, dispensed with the need for appellant's participation in a renewal and extension of a debt against an existing homestead? We think not.

Appellant's continuous use of the property as a homestead is not through a mere permissive right of occupancy. It is rather a cognizable estate in land, the existence of which is dependent upon the terms of its creation rather than upon the continuing fee rights in Roger. *Cf. Shepler v. Kubena,* 563 S.W.2d 382 (Tex.Civ.App.—Austin 1978, no writ).

Appellee takes the position that there was no duty or responsibility upon it to advise appellant that the note had been called and was being renewed and extended on different terms "as she no longer had any responsibility for or interest in the note." Appellee's brief, 13, 14.

Further appellee advocates, "... knowledge that appellant was occupying the subject premises, or the lack of such knowledge, would not make her a necessary party to the extension and renewal so as to impose a duty on the bank to consult her of such action."

We think the resolution not quite so simple.

We hold that even if appellant was released of liability on the original note, based on the aforementioned cases, Roger could not renew the debt against the homestead or do such other act as would impair appellant's homestead interest. Appellee's right to foreclose upon Roger's interest in the property can in no way affect appellant's homestead estate for the remaining period of its tenure. So far as the foreclosure sale, under the facts stated, attempted to terminate appellant's interest, the acts of appellee were errant.

The possessory estate will be protected from forced sale and will not be affected by sale of the fee title. Unlike in *Shepler v. Kubena, supra,* appellant possessed more than an estate at will. In the absence of compliance by appellee with foreclosure requirements appellant's estate will survive judicial foreclosure of Roger's interest and sale of the property and the new fee title owner will take the property

burdened by appellant's homestead rights for the balance of the estate created in the decree of divorce. *See Zable v. Henry,* 649 S.W.2d 136, 137 (Tex.App.—Dallas 1983, no writ); *Kunkel v. Kunkel,* 515 S.W.2d 941, 948 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.); *Davis v. Crockett,* 398 S.W.2d 302, 307 (Tex.Civ.App.—Dallas 1965, no writ); *Lewis v. Brown,* 321 S.W.2d 313, 317 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.); *Weinert v. Cooper,* 107 S.W.2d 593, 595 (Tex.Civ.App.—Texarkana 1937, writ dism'd). These decisions reflect that the Texas courts have adhered strictly to the principle that one-spouse homestead transactions are not void, but merely inoperative while the property remains the non-signing spouse's homestead.

Contrary to the view expressed by Justice Dial in his concurring opinion, we do not hold that appellee's homestead interest will survive only until such time as appellee gives appropriate notice and meets all other requirements for foreclosure on the original note. In view of appellee's expressed position on the original note that appellant is no longer responsible, insofar as appellant is concerned, the question of notice and foreclosure requirements, we think, have passed out of the case.

In its judgment, the trial court denied appellant's application for permanent injunction and motion for summary judgment while at the same time granting appellee's motion for summary judgment.

The judgment, while correctly denying the permanent injunction, however, fails to recognize the interest of appellant in her possessory homestead. Appellant was entitled to at least partial relief on her motion for summary judgment. The judgment is, therefore, modified to provide that appellant's homestead interest under the facts presented is not subject to forced sale by appellee bank and her homestead estate will survive judicial foreclosure of the deed of trust and sale of the property for the duration of its term.

Judgment of the trial court is modified to the extent indicated, and as modified, the judgment is affirmed.

DIAL, Justice, joined by TIJERINA, Justice, concurring.

Appellee's motion for summary judgment, which was granted, said appellee was entitled to judgment as a matter of law because the evidence established the absence of appellant's homestead right and, thus, the absence of a duty "to advise [appellant] of the extension and renewal of a valid pre-existing debt ...." Appellee is correct in its contention of a lack of a homestead defense to a claim based on the February 1976 note to which appellant was a party, because any homestead right is inferior to a lien derived from improvements to the homestead. But this does not eliminate the duty of the bank to give the three months written notice of acceleration according to the terms of the February 1976 note. Before appellant's interest in the property can be extinguished, she is entitled to three months written notice to give her the opportunity to satisfy the debt. Her right to continue her possessory interest in the property derives not from its homestead character, but from the lack of notice prior to the attempted foreclosure. She must have notice and be made a party prior to any successful foreclosure of the mechanic's lien. *San Antonio Real Estate, Building & Loan Association v. Stewart,* 27 Tex.Civ.App. 229, 65 S.W. 665, 667 (writ ref'd). *Cf. Fenimore v. Gonzales County Savings & Loan Association,* 650 S.W.2d 213 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.) (Notice under TEX.REV. CIV.STAT.ANN. art. 5810).

I concur in the result that permits appellee to remain in possession until such time as the bank gives her appropriate notice and meets all other requisites for foreclosure on the original note.

BUTTS, Justice, dissenting to disposition; concurring on the merits.

I concur with the majority statements of law which rely upon TEX. CONST. art. XVI § 50 and the Texas cases construing the superior homestead right of Irma Rocha Villarreal. I further concur with the

**610**

conclusion that the Bank has a viable encumbrance by deed of trust lien on the former husband's property which is now his by fee simple title. So long as the homestead interest continues (until the youngest child of the marriage becomes eighteen), there can be no forced sale.

What I do not agree with and believe is misleading is this court's judgment, that is, the disposition. The trial court granted the Bank's motion for summary judgment "in all respects" and denied Villarreal's by a "take nothing" order. An examination of the motion of the Bank reveals it addresses only the question of the homestead right; it does not ask for any relief as to its rights under the deed of trust lien.[1] Of course, there was no reason for the Bank to ask for that judgment, for it knew its lien was viable as to the husband's title. The Bank's motion is directed solely to the homestead claim, and the court granted the motion.

By "modifying" and affirming the judgment we are holding the Bank was successful in its motion. But what is left after this court takes away the only relief it asked for: a denial of the homestead claim. What is left to modify? Nothing. We are then writing a new judgment and NOT modifying. Further we are penalizing the successful party, Villarreal. TEX.R.CIV.P. 435, 448. This we should not do.

The judgment should be reversed and rendered. The trial court should have denied the Bank's motion. The trial court should have granted the relief asked for by Villarreal with the exception of the permanent injunction. By reversing and rendering we would recognize the homestead estate and that it remains in effect until the youngest child of the marriage becomes eighteen. Therefore, I would reverse and render.

---

1. The Bank's motion for summary judgment sets out its specific ground:
    Defendant is entitled to judgment as a matter of law because the uncontradicted summary judgment evidence establishes as a matter of law the absence of the following element of the plaintiff's cause of action: a homestead right in the subject property and thus a duty

and obligation on the Laredo National Bank to advise plaintiff of the extension and renewal of a valid pre-existing debt and obtain her consent to such action. In essence, there is no shown a violation of any legal duty owed to plaintiff.