**FIRST HUNTSVILLE PROPERTIES COMPANY, Appellant,**

v.

**Melissa L. LASTER, Appellee.**

**No. A14–89–00958–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 9, 1990.

Rehearing Denied Oct. 4, 1990.

Edward M. Schulze, Jr., Huntsville, for appellant.

John E. Wright, Huntsville, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and SEARS, JJ.

## OPINION

SEARS, Justice.

First Huntsville Properties Company appeals from a judgment denying partition of the interests of appellant and appellee, Melissa L. Laster, in a residence. In its sole point of error, appellant claims the trial court erred in denying partition because appellee has no homestead interest in the undivided interest owned by appellant. We agree and reverse the judgment of the trial court.

The property in question was the marital residence of appellee and Richard Laster. When the couple divorced in 1976, the divorce decree separated the ownership of this residence into undivided interests, giving appellee a 73.83% interest and giving Richard Laster a 26.17% interest. The decree also awarded appellee an exclusive right of occupancy until the couple's youngest child reached the age of eighteen years or was no longer in school, whichever occurred first. Three years later, Richard Laster borrowed $10,516.66 from the First National Bank of Huntsville and executed a deed of trust giving the bank a lien against his interest in the residence. Upon default by Richard Laster, the bank foreclosed on the lien and purchased his interest in the residence. The bank later conveyed this interest to First Huntsville Realty Corporation, which in turn conveyed to appellant.

Appellee's exclusive right of occupancy terminated in September 1988 when the couple's youngest child attained the age of eighteen years, and appellant filed suit thereafter to partition its interest from that of appellee. In its original petition, appellant alleged the property was incapable of partition in kind and thus, appellant requested that the trial court order a sale and partition of the proceeds. Following a trial to the bench, the trial court denied appellant's request for partition. In its findings of fact and conclusions of law, the trial court found that appellant had acquired title to Richard Laster's interest in the residence subject to appellee's right of occupancy, that the residence was appellee's homestead, that the residence was not subject to partition in kind, and that the parti-

tion could be accomplished only by sale of the property. However, the trial court concluded that appellee's homestead interest was paramount, and thus, the court held that the property was not presently subject to forced sale.

In its sole point of error, appellant contends the trial court erred in denying partition because appellee has no homestead interest in the undivided 26.17% interest owned by appellant. Appellee responds that her homestead right was paramount to a cotenant's right of partition where the homestead right preceded the inception of the cotenancy. Although we find that appellee's homestead right preceded the inception of the cotenancy, we disagree that this prevents a cotenant's exercise of its right of partition.

■ Under the divorce decree, appellee became a joint owner with an exclusive right of occupancy until the date on which the youngest child reached age eighteen or was no longer in school. The decree also awarded appellee a homestead right in the property. A divorce court may set aside property as the wife's homestead even if the property is the husband's separate property. *Villareal v. Laredo Nat'l Bank*, 677 S.W.2d 600, 606 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). Because appellee had a homestead right in the property, her possessory estate was protected from forced sale and was unaffected by the judicial foreclosure of the deed of trust and the sale of the property. *See id.* at 608. Thus, appellant, as a subsequent purchaser of Richard Laster's 26.17% interest in the property, took the property interest burdened by appellee's homestead interest for the balance of the estate created in the divorce decree. *See id.* at 608–09.

■ When the exclusive right of occupancy terminated, appellee and appellant became cotenants in the property. Even though appellee continues to claim a homestead right in the property, "one's homestead right in property can never rise any higher than the right, title, or interest that he owns in the property attempted to be impressed with a homestead right." *Sayers v. Pyland*, 139 Tex. 57, 161 S.W.2d 769,

773 (1942). Furthermore, the homestead right of one cotenant may not prejudice the rights of other cotenants. *See id.; Clements v. Lacy,* 51 Tex. 150, 162 (1879). In *Sayers,* the court recognized the superiority of a cotenant's rights, stating that the right of partition is "paramount to the occupying cotenant's claim of homestead in the common property, because, as between cotenants, the ultimate interest and right of each in and to the common property depends upon an adjustment of the equities between him and his cotenants." *Sayers,* 161 S.W.2d at 773. *See also Becker v. Becker,* 623 S.W.2d 757, 760 (Tex.App.— Houston [1st Dist.] 1981, no writ) (reiterating principle that homestead right is subordinate to right of co-owner to demand partition). Although appellee and the trial court characterize appellant's request that the trial court order a sale and partition of the proceeds as a "forced sale," we construe this language to refer to a sale of property for the payment of a debt, *see* TEX. CONST. art. 16, § 50, and not to a judicially ordered sale of property held by cotenants with a partition of the proceeds. Because appellant's right to partition is presently superior to appellee's homestead right, *see Sayers,* 161 S.W.2d at 773, the trial court erred in refusing to grant partition in the instant case.

We reverse the judgment and remand the cause to the trial court for further proceedings consistent with this opinion.