*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-10-00912-CV

Linda **SIMERKA**, Channon Delgado, and Cody Michael Delgado, a Minor,
Appellants

v.

Patricia Ann **BROOKS**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-03940
Honorable Peter A. Sakai, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  June 1, 2011

AFFIRMED

This is an appeal from the trial court's order denying appellants' motion for summary judgment and granting appellee's no evidence motion for summary judgment. We affirm.

## BACKGROUND

Appellant Linda Simerka and appellee Patricia Brooks are sisters. Appellants Channon Delgado and Cody Delgado are Simerka's daughter and grandson, respectively. Brenda Haessly was the elder sister of Brooks and Simerka, and when she died, she left her entire estate to their

mother, Gracie Lewis.   When Gracie died, she left her entire estate to her daughter Patricia Brooks, and she specifically excluded her husband and two other daughters, Linda Simerka and Sheila McCauley.   Gracie's husband, who is the step-father to Gracie's daughters, contested the probate of Gracie's will; however, he and Brooks eventually settled their dispute.

The appellants later sued Brooks asking for an accounting of a trust and for damages arising from the breach of an alleged settlement agreement between appellants and Brooks. Simerka then filed a motion for summary judgment in which she argued (1) Brooks was obligated to render an accounting of all assets Brooks received from their elder sister and mother and (2) Brooks breached a settlement agreement that allegedly required transfer of certain assets contingent upon settlement of their mother's estate.   Brooks filed a response to the motion and later filed her own motion for a no-evidence summary judgment.   Simerka filed a response to Brooks's motion.    The trial court considered both motions and signed an order denying Simerka's motion and granting Brooks's motion.   On appeal, Simerka asserts the trial court erred in denying her motion and granting Brooks's motion.

## DISCUSSION

When both parties file motions for summary judgment, each must carry its burden and neither may prevail because of the failure of the other to discharge its burden.   *Villarreal v. Laredo Nat'l Bank*, 677 S.W.2d 600, 605 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.). Where there are competing motions for summary judgment, and one is granted and the other denied, the appellate court determines all questions presented to the trial court.   *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988).   With competing motions, all evidence accompanying both motions should be considered in deciding whether to grant either party's motion.   *Villarreal*, 677 S.W.2d at 605.   The reviewing court may affirm the judgment or reverse the judgment and

render the judgment the trial court should have rendered, including rendering judgment for the other movant. *Jones*, 745 S.W.2d at 900. In this case, each motion is the mirror image of the other; therefore, we will discuss the motions together.

## SUMMARY JUDGMENT ON SIMERKA'S ACCOUNTING CLAIM

In their first amended petition, appellants alleged Brooks was a constructive trustee for Simerka and current trustee for Cody. The petition refers to "a trust" and alleges that trust assets are believed to have been commingled with Brooks's personal assets. Appellants alleged the exact nature and extent of the trust assets are unknown and cannot be determined without an accounting pursuant to Texas Property Code sections 113.151 and 113.152. The petition does not specifically identify the alleged trust. In their motion for summary judgment, appellants argued Brooks was required to render an accounting under Property Code sections 113.151 and 113.152. In support of their motion, appellants attached a copy Brenda's will, which does not mention a trust. No document evidencing or mentioning a "trust" was attached as summary judgment proof. Brooks responded alleging appellants were not beneficiaries of the estates of either Brenda or Gracie and that neither will created a trust. Brooks attached to her response a copy of Brenda's will and a copy of Gracie's will, neither of which mention a trust. In her motion for a no-evidence summary judgment, Brooks alleged there was no evidence of any trust or that she is a trustee. In response to this motion, appellants filed "an appendix containing affidavits, discovery, documentary evidence and Non-Movant's pleadings, setting forth summary judgment proof of the existence of material facts concerning the intention of [Benda and Gracie]

to create trust[s] and the actions of [Brooks] and her attorneys seeking to frustrate that intention."[1]

Property Code section 113.151 allows a "beneficiary by written demand [to] request the trustee to deliver to each beneficiary of the trust a written statement of accounts covering all transactions since the last accounting or since the creation of the trust, whichever is later." TEX. PROP. CODE ANN. § 113.151(a) (West 2007). Section 113.151 also allows "[a]n interested person [to] file suit to compel the trustee to account to the interested person." *Id.* § 113.151(b). Section 113.152 sets forth the contents of an accounting. *Id.* § 113.152. Only "express trusts" are subject to these provisions. *Id.* § 111.003. "Resulting trusts," "constructive trusts," and "business trusts" are not subject to these provisions. *Id.* An "express trust" "means a fiduciary relationship with respect to property which arises as a manifestation by the settlor of an intention to create the relationship and which subjects the person holding title to the property to equitable duties to deal with the property for the benefit of another person." *Id.* § 111.004(4).

None of the documents contained in the clerk's record on appeal mentions a trust nor do any indicate an intention on the part of either Brenda or Gracie to create a fiduciary relationship between Brooks and appellants "that subjects [Brooks as] the person holding title to the property to equitable duties to deal with the property for the benefit of another person." *See id.* Therefore, we conclude appellants did not bear their burden of either conclusively establishing their right to summary judgment on their claim as a matter of law or of bringing forth more than a scintilla of probative evidence raising a genuine issue of material fact sufficient to defeat Brooks's no-evidence motion. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*,

---

[1] The clerk's record contains a copy of appellants' response to Brooks's motion for a no-evidence summary judgment, attached to which is an "Appendix" that lists over seventeen items. However, only three documents were actually attached to the response and included in the clerk's record: a letter from Gracie to her attorney clarifying the changes she wanted made to her will, which does not mention a "trust"; a single page of Brooks's deposition, which does not ask about a "trust"; and hand-written notes by an unidentified person, which does not mention a "trust."

988 S.W.2d 746, 748 (Tex. 1999) (stating standard for traditional motion for summary judgment); *see also Gomez v. Tri City Cmty. Hosp., Ltd.*, 4 S.W.3d 281, 283 (Tex. App.—San Antonio 1999, no pet.) (stating standard of review for no-evidence motion for summary judgment). Accordingly, summary judgment in favor of Brooks on appellants' accounting claim was proper.

## BREACH OF SETTLEMENT AGREEMENT

In their petition and motion for summary judgment, appellants alleged Brooks breached a settlement agreement. The so-called settlement agreement is a single sheet of paper containing Brooks's hand-written notes from a mediation conference. The paper is signed by Brooks, but no one else. In her motion for a no-evidence summary judgment, Brooks alleged there was no evidence of an offer, an acceptance, mutual assent, execution and delivery of the contract with the intent that it be mutual and binding, or consideration. Brooks attached to her motion her own affidavit in which she admitted she hand-wrote a list of items that still existed in Gracie's estate. Brooks explained that the purpose of the meeting with Simerka was to discuss estate items that "might be available after any mediation settlement" with their stepfather. At the top of the paper is the title "Settlement with Linda Ray Simerka," and the end of the paper, which lists four categories of assets, contains the following notation: "Contingent upon Mr. Lewis [their step-father] settling the case or Trish [Brooks] wins the case." Appellants did not respond to the portion of Brooks's no-evidence motion that challenged the elements of their claim that Brooks breached the settlement agreement.

We conclude appellants did not bear their burden of conclusively establishing their right to summary judgment on their claim as a matter of law because, although the paper bears the title of "Settlement," the paper is nothing more than a list of assets. Even if we were to consider the

paper as some evidence of one of the elements of their claim (an offer), because appellants did not respond to Brooks's assertions that no evidence existed on any element of their claim, appellants failed to carry their burden of bringing forth more than a scintilla of probative evidence raising a genuine issue of material fact on the remaining four elements sufficient to defeat Brooks's no-evidence motion. Accordingly, summary judgment in favor of Brooks on appellants' claim for breach of a settlement agreement was proper.

## CONCLUSION

We overrule appellants' issues on appeal and affirm the trial court's summary judgment in favor of Brooks.

Sandee Bryan Marion, Justice